### CHARLES B. PRESCOTT *vs.* JOSEPH P. PRESCOTT.

Hampden.     September 27, 1899. — January 2, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Devise and Legacy — Prescription — Easement — Equity Practice.*

A., by his will, devised to B. for life the dwelling-house occupied by B., together with the land on which it stood, the lines of which were described; and also devised his own adjacent dwelling-house and the land on which it stood, after his wife's death, to his grandson, C. A walk constructed of artificial stone ran from the street along the northerly side of B.'s house to a side door and to the back part of the house, in such a position that the boundary line of his lot as described in the will ran longitudinally through the walk, one foot in width of the stone being on B.'s side of the line and two feet on C.'s side. There was also a paved driveway leading back from the street to a barn on C.'s property in such a position that the northerly side of the driveway was twenty-six feet distant from the line described in the will. B.'s house was built by A., who was his father-in-law, and had been occupied ever since by B. and his family. A walk was constructed from this house through the grounds to A.'s dwelling-house on the adjacent lot. The driveway was used occasionally by B., and he and A. and their families passed back and forth in daily intercourse between the houses. The portion of the grounds between B.'s house and the driveway was occupied by him. A. paid the taxes on B.'s house and lot, the house was insured in A.'s name, a man in his employ was accustomed to mow the grass on both lots, and there was nothing before A.'s death to indicate that B. made any adverse claim to the property. *Held*, on a bill in equity by B. against C., that B. had not acquired by prescription any rights in the land northerly of the boundary described in the will; and that there was no such connection shown between the driveway and B.'s house, or between his house and the land between the stone walk and the driveway as to create an easement in favor of his lot.

After an exception has been taken to an order dismissing a bill in equity, and before the expiration of the time for filing a bill of exceptions, a formal final decree properly cannot be entered, but the case should be left open upon the order for a final decree until the time for filing a bill of exceptions has passed, or until the decision of the question of law raised by the exception.

BILL IN EQUITY, filed August 2, 1898, in the Superior Court, to restrain an alleged interference with the plaintiff's use of

certain premises in Holyoke. Hearing before *Bond*, J., who ordered that the bill be dismissed, with costs; and the plaintiff alleged exceptions. A decree was entered in accordance with the order; and the plaintiff appealed to this court. The facts appear in the opinion.

*A. B. Chapin*, for the plaintiff.

*A. L. Green*, for the defendant.

KNOWLTON, J. The parties are in dispute in regard to the location of the boundary line between their adjacent lots. The plaintiff claims under a clause in the will of Joseph C. Parsons, as follows: "I give, devise and bequeath to Charles B. Prescott of Holyoke the dwelling-house on the easterly side of Chestnut Street in said Holyoke now occupied by him, together with the lot of land upon which said dwelling is situated, said lot extending from land of H. P. Terry and Austin Ely northerly on said Chestnut Street, and on the centre line of an alley in the rear of said lot a distance of sixty-two and a half feet. He, the said Prescott, to pay all taxes and assessments upon said premises during his life, to keep said premises well insured and to make all necessary repairs. To have and to hold the same with the appurtenances to him, the said Charles B. Prescott, during the term of his natural life. On his decease the remainder of said estate I give, bequeath and devise to my granddaughter, Kittie T. Prescott, to have and to hold the same to her, her heirs and assigns forever." The defendant claims under the following language of the same will: "I also give, bequeath and devise to my said wife for and during her natural life, the dwelling-house in which I now reside and the lot on which it stands, together with all other buildings on said lot. On her death the remainder of said real estate described in this provision of the will, to wit: the land and buildings where I now reside, I give, bequeath and devise to my grandson, Joseph P. Prescott, to have and to hold the same to him, his heirs and assigns forever." The widow of the testator has since deceased. The first wife of the plaintiff was the daughter of said Parsons, and the defendant is his grandson. A walk constructed of artificial stone runs from the street along the northerly side of the plaintiff's house to a side door and to the back part of the house, in such a position that the boundary line of the plain-

tiff's lot as described in the will runs longitudinally through the walk, with one foot in width of the artificial stone on the plaintiff's side of the line and two feet in width on the defendant's side of the line. There is also a paved driveway leading back from the street to a barn on the defendant's property, in such a position that the northerly side of the driveway is twenty-six feet distant from the line described in the will. The plaintiff's house was built by Parsons, and has been occupied ever since by the plaintiff and his family. A walk was constructed from this house through the grounds to Parsons's dwelling-house on the adjacent lot. The driveway was used occasionally by the plaintiff, and he and Parsons and their families passed back and forth daily in familiar intercourse between the two houses. The judge found that the portion of the grounds between the plaintiff's house and the driveway was occupied by the plaintiff.

One question presented by this bill is, whether the plaintiff has acquired by prescription any rights in the land northerly of the boundary described in the will. We think it is clear that he has not. Without considering the nature of his occupation since the decease of Parsons, which occurred in 1886, it is plain that previously his occupation was permissive, and that the legal relations between the parties were those of landlord and tenant. Parsons paid the taxes on the plaintiff's house and lot, the plaintiff's house was insured in Parsons's name, a man in his service was accustomed to mow the grass on both lots, and there is nothing to indicate that the plaintiff made any adverse claim to the property.

We must therefore consider the legal effect of the devise under which the plaintiff claims. The lines of the lot are fixed by the language of the will. The plaintiff has an estate for life in the land within the designated boundaries. The first question is, whether the rights in the driveway and in the land between the driveway and the artificial stone walk passed as appurtenant to the plaintiff's house and land.

Under the rule of law as it is stated in *Salisbury* v. *Andrews*, 19 Pick. 250, 253, *Whitney* v. *Olney*, 3 Mason, 280, 284, *Johnson* v. *Jordan*, 2 Met. 234, 240, and *Philbrick* v. *Ewing*, 97 Mass. 133, 135, there is nothing to show any such close connection

between the driveway and the plaintiff's house, or between the plaintiff's house and the land between the walk and the driveway, as to create an easement in favor of the plaintiff's lot. Whether the artificial stone walk along the northerly side of the house to the steps leading up to the piazza and into the northerly door is of such a character, and is so closely connected with the house in construction and in the use of the house in its present form, that it must be deemed an appurtenance which passed by the will, and which the defendant cannot destroy by cutting off that part which is on his land, is a question that is not raised by this bill of exceptions. The exceptions cannot be sustained unless they show an error of law in the proceedings. The plaintiff testified that the defendant, after sending a notice, not only put a chain across the driveway, but brought wire and commenced to build a fence to shut the plaintiff off from the northerly part of the walk. The defendant admitted that he put a chain across the driveway, but denied that he purchased any wire or posts, or made any effort to erect a fence to prevent the plaintiff from using the walk.

The judge "found from the evidence that the defendant did not, in any way, interfere with the use of the path or walk shown on the plan, leading from the street to the side or rear door of the house occupied by the plaintiff." From the conduct of the defendant, and his testimony, he may have found that whether the plaintiff had a right to have the artificial stone walk remain there or not, there was no such danger that the defendant would interfere with his use of it as to call for a remedy by injunction. The bill of exceptions does not state on what ground the judge found for the defendant, and as it contains this specific finding on this part of the case, it is possible, if not probable, that the decision as to the walk was made without reference to the question of title, and was on the ground that the plaintiff had not shown any need of relief in equity. We therefore express no opinion in regard to the walk.

The case shows an informality in the proceedings. The hearing is upon a bill of exceptions allowed by the judge. The exceptions show an order that the bill be dismissed with costs, the entry of a final decree, and an appeal. The allowance of

the exceptions must be taken as showing that an exception was seasonably taken to the order dismissing the bill. After an exception to the order, duly taken, and before the expiration of the time for filing a bill of exceptions, a formal final decree could not properly be entered, but the case should have been left upon the order for a final decree until the time for filing a bill of exceptions had passed, or until the decision of the question of law raised by the exception. A formal entry of a final decree in equity corresponds to the entry of a final judgment, as distinguished from an order of judgment in an action at law. This decree has no greater effect than an order for a decree.

*Exceptions overruled.*