THEODORE H. TYNDALE, administrator, *vs.* EBEN C. STANWOOD & another.

Norfolk.    January 25, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Practice, Civil,* Decree.

If an order made by a single justice of this court affirming a decree of the Probate Court is entered as a decree while exceptions to rulings of the single justice are pending, this in legal effect is not a decree but only an order for a decree, and if the rescript sent down by the full court contains an order " Decree affirmed ", this refers to the decree of the Probate Court which is the only one in existence in the case, and to complete the record a decree must be made by a single justice of this court affirming the decree of the Probate Court, and remanding the case to the Probate Court for further proceedings.

PETITION for a final decree on a petition filed March 6, 1902, (incorrectly stated in 182 Mass. 534 to have been filed on November 3, 1902,) in the Probate Court for the county of Norfolk, by the administrator of the estate of Isabella S. Whicher for leave to sell real estate of the intestate under R. L. c. 146, § 1, in order to pay debts and charges of administration.

The petition for leave to sell real estate was before the court at a previous stage as reported in 182 Mass. 534, and again before the court on a writ of entry brought by the administrator as reported in 186 Mass. 59.

The present petition for a final decree came on to be heard

before *Hammond*, J., who reserved the questions of law arising on the petition and answer and the facts as reported by him for determination by the full court.

The prayer of the petition was that in accordance with the rescript a final decree might be made and entered affirming the decree of the Probate Court, and remanding the case to the Probate Court for further proceedings.

*R. M: Morse,* (*W. H. Leonard* with him,) for the petitioner.

*S. H. Tyng,* (*J. P. Prince* with him,) for the respondents.

KNOWLTON, C. J.   The question in this case grows out of the inadvertence of entering a final decree while exceptions were pending, which was considered at length in *Tyndale* v. *Stanwood*, 186 Mass. 59.   The petition before us, which asks for the entry of a final decree in the court sitting for the county, has no other object than to correct and perfect the record in the Supreme Judicial Court, and thereby to correct the record in the Probate Court.

The final decree, inadvertently entered while exceptions were pending, took effect only as an order for a decree, which could not become operative until the exceptions were disposed of. *Tyndale* v. *Stanwood, ubi supra.   Prescott* v. *Prescott,* 175 Mass. 64.   *Green* v. *Crapo,* 181 Mass. 55.   *Goff* v. *Britton,* 182 Mass. 293.   The rescript which went from the full court, " Decree affirmed," must be held to have referred to the decree of the Probate Court, for no other decree was mentioned in the opinion, and the paper entitled " Decree " in the Supreme Judicial Court was in legal effect not a decree, but only an order for a decree.   We have then a rescript which calls for a docket entry showing that the decree of the Probate Court is affirmed. Such a docket entry is not a decree.   *Merrill* v. *Beckwith,* 168 Mass. 72.   This entry was made, but no decree was afterwards drawn up or entered.   It was, therefore, irregular to send to the Probate Court a copy of the order by the single justice, made while exceptions were pending ; and the record of the Probate Court does not show correctly the proceedings in the Supreme Judicial Court.   It is proper to complete the record in this particular by the entry of such a decree as the rescript calls for, and thereby to deprive the former error of its misleading effect.

The principal argument against this is that a license should not be granted now, because more than five years have elapsed since the death of the grantor whose conveyance is sought to be set aside, and it is too late to maintain an action to try the title. R. L. c. 146, § 2. The difficulties thus suggested are great and obvious, and we do not intimate that the petitioners have shown a satisfactory way of escaping from them. We do not deem it necessary or proper to consider this subject in the present condition of the case. It is not as if we were now dealing with the rights of the parties on the merits under the original petition. That was done long ago, and the case was supposed to be ended. What we now are asked to do is formally to correct and perfect the record of what the court decided as a final disposition of the case when it was before us, more than two years ago.

We are of opinion that a final decree should be entered in the court sitting for the county, in accordance with the prayer of the petitioner.

*So ordered.*