LEMUEL CROSSMAN & another *vs.* CHARLES A. GRIGGS.

Norfolk. March 14, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Equity Pleading and Practice,* Decree, Amendment. *Practice, Civil,* Amendment, Costs. *Waiver. Attorney.*

An order in a rescript of this court of "Bill dismissed" and a docket entry in the Superior Court in pursuance of it do not constitute a final decree, and the plaintiff thereafter may be allowed by the Superior Court to amend by changing his suit in equity into an action at law.

Where a plaintiff is allowed to amend a suit in equity into an action at law on payment of costs to the defendant by a certain day and the defendant accepts a payment of the costs after the day named and retains the money, and subsequently files a general appearance and answer to the declaration at law, this is a waiver by the defendant of any right to object to the plaintiff's amendment on the ground that the plaintiff did not pay the costs within the time named in the order allowing the amendment.

The attorney for a defendant may make a valid agreement in writing with the attorney for the plaintiff extending the time for the payment of costs which the plaintiff has been ordered to pay as a condition on which he is allowed to amend a suit in equity into an action at law.

BILL IN EQUITY, begun by a writ dated August 30, 1898, to recover certain amounts of money, and also to reach and apply the trade name and good will of the defendant's business to the satisfaction of the plaintiffs' claims.

On December 14, 1903, the Superior Court made a decree, dismissing the plaintiffs' bill with costs to the defendant. From that decree the plaintiffs appealed. On June 27, 1904, this court sent down the following rescript : " Decree of March 8th, 1899, vacated ; bill dismissed with costs to the defendant Griggs ; exceptions overruled," which was duly entered on the docket of the clerk of the Superior Court on June 27, 1904.

On July 14, 1904, William A. Munroe, Esquire, entered his appearance for the defendant. After certain other proceedings, no further decree having been made, the plaintiffs on July 16, 1904, made a motion to amend from equity to law. On July 21, 1904, *Lawton*, J., before whom this motion to amend was heard, indorsed the following order on the motion : " Norfolk, ss., Superior Court, Boston, July 21st, 1904. After hearing upon within motion, ordered that said motion be allowed upon the payment into court for the use of the defendant Griggs on or before August 3rd, 1904, the costs to date in accordance with the rescript taxed as in an action at law, and in addition thereto three term fees, otherwise motion is disallowed. By the Court sitting in Boston. Henry E. Bellew, Assistant Clerk."

Messrs. Brandeis, Dunbar and Nutter, counsel for the plaintiffs, and Mr. Munroe, counsel for the defendant, were unable to agree upon the amount of taxable costs. Thereupon Mr. Munroe notified Messrs. Brandeis, Dunbar and Nutter to appear in the equity motion session of the Superior Court for Suffolk County on August 3, 1904, on the question of what costs were properly taxable under the order of *Lawton*, J. On August 3, 1904, George R. Nutter, Esquire, one of the counsel for the plaintiffs, and Albert H. Chamberlain, Esquire, then associated with Mr. Munroe, were present at the equity motion session of the Superior Court for Suffolk County, and Mr. Nutter at that

time informed Mr. Chamberlain that he was prepared in behalf of the plaintiffs to pay the taxable costs in accordance with the order of the judge and was prepared to proceed with the hearing on the amount of the costs. Mr. Chamberlain stated that Mr. Munroe was ill, and requested that the payment be postponed and that the hearing on the question of the costs be continued to August 5, 1904. Thereupon on August 3, 1904, the following agreement in writing was entered into by Mr. Nutter in behalf of Brandeis, Dunbar and Nutter, counsel for the plaintiffs, by Mr. Chamberlain in behalf of Mr. Munroe, counsel for the defendant: "Commonwealth of Massachusetts. Norfolk, ss. Superior Court in Equity. Lemuel Crossman *et al.* *vs.* Chas. A. Griggs. In the above entitled cause it is agreed that the time for the plaintiffs to pay the costs as provided in the order allowing the plaintiffs to amend the bill into an action at law may be extended to and including Friday, August 5, 1904. Brandeis, Dunbar and Nutter, Attys. for Plaintiffs, William A. Munroe, Atty. for Griggs." The defendant had no knowledge of this extension of time and neither assented nor dissented. On August 5, 1904, there was a hearing before *Fessenden*, J., in the equity motion session for Suffolk County on the amount of taxable costs, at which hearing Mr. Nutter appeared in behalf of the plaintiffs, and Mr. Munroe in behalf of the defendant, and the taxable costs then determined by the court were on that day, August 5, 1904, paid to the counsel for the defendant in behalf of the plaintiffs. This agreement was not presented to the court for allowance. It was filed with the clerk on August 5, 1904, on which day the costs, amounting to $212.38, actually were paid as appears of record. The defendant still retains the costs so paid, and never has offered to return them or any part thereof to the plaintiffs.

On August 20, 1904, Mr. Munroe, having withdrawn his appearance for the defendant, and Vere Goldthwaite, Esquire, who had entered his appearance for the defendant on August 19, 1904, and who had been absent in California at the time of the proceedings to amend into law, having returned from California, entered a general appearance and an answer to the plaintiffs' declaration in behalf of the defendant without actual knowledge of all of the terms of the order of the court dated July 21, 1904,

allowing conditionally the amendment into law, although Mr. Goldthwaite knew that some order had been made allowing amendment into law. Later Mr. Goldthwaite, having learned of the terms of the order, on October 17, filed a motion to dismiss the action at law and a motion for a final decree.

On November 4, 1904, the defendant's motion to dismiss the action at law and to enter a final decree were argued together before *Bell*, J., and the defendant thereupon asked the judge to rule in substance as follows:

" First. That the entry on the docket of this court made by the clerk on the 27th day of June, 1904, to wit: the entry of ' Decree of March 8th, 1899, vacated; bill dismissed with costs to the defendant Griggs; exceptions overruled,' was itself, under all the circumstances of this case, a final decree and a final adjudication of this cause.

" Second. That, because the decree of this court made July 21, 1904, was not, as appears by the record, complied with, this court now has no power to entertain any further proceedings with respect to said cause except a motion for a final decree in more extended form, which motion and decree in more extended form is before it for allowance.

" Third. That the order of this court dated July 21, 1904, as appears of record, to wit: ' Plff's motion to amend from equity to law allowed upon payment into court for use of deft. Griggs on or before August 3rd, 1904, costs to date in accordance with rescript taxed as an action at law and in addition thereto three term fees, otherwise motion is disallowed,' was an order upon an express condition, to wit: upon the condition of the payment into court for the use of the defendant Griggs on or before August 3rd, 1904, costs (as set forth in said order) that said costs were not paid into court on or before August 3rd, 1904, as appears of record, and that therefore the motion to amend was disallowed and the plaintiffs have no action at law now pending against the defendant before this court; or if they have, it be dismissed for the reasons above stated and the final decree allowed.

" Fourth. That the record of this court cannot be changed by an agreement of the parties or their attorneys, as undertaken in this case, without an order of court.

"Fifth. That the general appearance, answer and other proceedings taken by the defendant in this case since August 3, 1904, do not have the effect to estop the defendant from any proceedings which might have been had by him in the premises after the entry of the rescript from the full court.

"Sixth. That because the order of court referred to in the third request for rulings of the defendant was not complied with, the case now stands as if the plaintiffs' motion to amend from equity to law had never been made."

The judge refused to make any of these rulings and the defendant excepted. The case then being before the judge upon its merits, the defendant offered no evidence to disprove the plaintiffs' claims for the several amounts set out in the declaration, with the exception of the sum of $400 for use and occupation contained in the seventh clause thereof, which the plaintiffs waived, but the defendant asked the judge to rule:

"Seventh. That the various issues joined in this case have each and all been adjudicated, as appears of record in this court, and that there must be a judgment for the defendant.

"Eighth. That if there is an action of law now pending against the defendant in the premises, the cause thereof happened more than six years before the commencing of said action at law as appears of record in this court, and is therefore barred by the statute of limitations, and there must be judgment for the defendant."

The judge refused to rule as requested. He found for the plaintiffs, at first in the sum of $28,949.88 which he subsequently reduced to $24,516.26, the amount of the *ad damnum* of the writ being $25,000. See *Crossman* v. *Griggs, post,* 217. The defendant alleged exceptions.

*V. Goldthwaite,* for the defendant.

*J. B. Studley,* (*G. R. Nutter* with him,) for the plaintiffs.

KNOWLTON, C. J. The rescript "Bill dismissed," and the docket entry in pursuance of it, were not a final decree which precluded further action in the case. The court had power to allow an amendment changing the suit in equity into an action at law. This was expressly decided after full consideration in a similar case. *Merrill* v. *Beckwith,* 168 Mass. 72.

The order authorizing the amendment was complied with.

Under the circumstances, the fact that the payment of costs was not made on the day mentioned in the order is immaterial. The defendant, on August 5, 1904, having knowledge by his attorney of all the facts, accepted the costs, the payment of which was made the condition of allowing the amendment, and he still retains them. Whether he had personal knowledge or not, he is bound by the knowledge of his attorney. *Sartwell* v. *North,* 144 Mass. 188. Afterwards he filed a general appearance and an answer to the declaration at law. This conduct in itself ought to be held a waiver of his right to object that the original condition stated in the order was not complied with literally.

The condition as to payment of costs at the prescribed time was for the benefit of the defendant, and he might waive it by an extension of the time, or otherwise. A valid agreement in writing for an extension of the time was made by the attorneys of the parties and subsequently filed with the papers in the case. There is express statutory authority for similar agreements in the R. L. c. 173, §§ 69, 70. See also *Wieland* v. *White,* 109 Mass. 392; *Moulton* v. *Bowker,* 115 Mass. 36; *Shattuck* v. *Bill,* 142 Mass. 56.

*Exceptions overruled.*