SADIE B. KNOX *vs.* CITY OF SPRINGFIELD.

VINCENT E. BARNES *vs.* SAME.

Hampden.  November 6, 1930. — November 13, 1930.

Present: RUGG, C.J., CARROLL, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice*, Appeal, Amendment.

Since the enactment of St. 1928, c. 306, § 2, a suit in equity cannot be brought to this court by an appeal from an interlocutory decree; the only way in which the question of the propriety of an interlocutory decree can be brought to this court before final decree is by report of the judge entering the decree.

It *was stated* that the practice concerning appeals in equity under G. L. c. 231, § 96, previous to the enactment of St. 1928, c. 306, § 2, did not permit an appeal from an interlocutory decree denying a motion by the plaintiff to amend the bill.

It *was stated* that the disposition of a motion to amend the bill in a suit in equity rests in the sound judicial discretion of the judge who hears the motion; and that, in the absence of abuse of discretion by him, his denial of such a motion cannot be revised by this court.

Two BILLS IN EQUITY, filed in the Supreme Judicial Court on December 21, 1926.

Interlocutory decrees denying motions by the plaintiff to amend the bill in each suit in 1928 and 1930 were entered by orders of *Wait*, J., of *Pierce*, J., and of *Crosby*, J. The plaintiff in each suit appealed from such decrees.

The case was submitted on briefs.

*L. C. Henin*, for the plaintiffs.

*J. P. Kirby*, for the defendant.

Rugg, C.J. These are suits in equity. The allegations of each bill in substance are that the plaintiff is owner of land upon which the defendant has forcibly entered and trespassed and taken material therefrom, and the prayers are for an accounting and damages and costs. Each bill was filed in December, 1926. The defendant seasonably answered. Thereafter, in 1928, each plaintiff filed a motion to amend by substituting a much longer bill of complaint. Those motions were denied by interlocutory decrees. Each plaintiff appears by the docket entry to have appealed from that decree, although that appeal is not printed in the record. In June, 1930, each plaintiff filed a second motion to amend the bill of complaint. Each motion was denied by an interlocutory decree entered in June, 1930, in each case. From that interlocutory decree the plaintiff in each case appealed.

Plainly the cases are not rightly here. In neither case has there been any trial upon the issues raised on the bill of complaint filed in December, 1926, upon which issue was duly joined. Suits in equity cannot be brought before this court as of right upon appeal except from a final decree. The only way in which an appeal from an interlocutory decree can be brought to this court before final decree is by report of the judge entering the decree. G. L. c. 214, §§ 26, 30. *Fuller* v. *Chapin,* 165 Mass. 1. *Hutchins* v. *Nickerson,* 212 Mass. 118, 120. *McCracken's Case,* 251 Mass. 347, 350. *Romanausky* v. *Skutulas,* 258 Mass. 190, 192. *Barringer* v. *Northridge,* 266 Mass. 315, 318. The change wrought in equity practice by G. L. c. 231, §§ 96, 144, although never applicable to records similar to those here presented, has been effaced, and the general equity practice, to the effect that equity cases can come before this court as of right only by appeal from a final decree, has been restored by St. 1928, c. 306, § 2. *Siciliano* v. *Barbuto,* 265 Mass. 390, 394. It follows that these appeals are prematurely entered.

Even if it be assumed in favor of the plaintiffs that the cases are properly entered, it is too plain for discussion that the disposition of a motion to amend a bill in equity

rests in the sound judicial discretion of the trial judge, and that it cannot be revised on appeal. There is nothing to indicate abuse of discretion. *Reno* v. *Cotter*, 239 Mass. 581, 583. *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 264.

In each case the entry must be

*Appeal dismissed.*