## MAX CHECK *vs.* ANNIE D. KAPLAN.

Middlesex.    December 15, 1931. — September 12, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Practice, Civil,* Amendment, Appeal, Equitable relief, Petition to intervene. *Equity Pleading and Practice,* Decree, Appeal. *Attorney at Law. Lien. Words,* "Intervention."

No question of law was presented to this court upon an appeal from an order of the Superior Court denying a motion to be admitted as a party plaintiff in an action at law, where the record on appeal contained no report of evidence, and no ruling of law requested, refused or made by the trial judge at the hearing of the motion; and such an appeal was dismissed by this court.

Findings of fact by a judge of the Superior Court at the hearing of a petition for a lien for counsel fees and disbursements must be taken as final upon an appeal by the petitioner from a denial of the petition where the evidence was not reported.

An attorney at law, in the absence of special agreement, has no lien under G. L. c. 221, § 50, for counsel fees and disbursements which he can establish against the plaintiff in an action at law where a final decree for equitable relief under § 86A, added to G. L. c. 223 by St. 1925, c. 170, § 1, by way of an order for a payment of money to the plaintiff, has been entered but the case has not gone to judgment.

The appeal from the denial of the petition for the establishment of a lien for counsel fees and disbursements above described was dismissed as presenting no question of law to this court, whether the appeal be treated as arising in an action at law or in a suit in equity.

After the entry, in an action at law, of a decree for equitable relief under § 86A, added to G. L. c. 223 by St. 1925, c. 170, § 1, adjudging that the defendant owed the plaintiff a certain sum of money and directing a third party, from a sum in his hands owing to the defendant, to satisfy the plaintiff's claim against the defendant, a decree entitled "Interlocutory Decree" was entered permitting a creditor of the plaintiff to intervene, and a second decree entitled "Interlocutory Decree" later was entered directing that the fund in question be applied to satisfy the claim of the plaintiff's creditor. The plaintiff appealed. *Held,* that

(1) The second decree entitled "Interlocutory Decree" was in effect final, and the plaintiff had a right to appeal therefrom;

(2) The appeal from the second decree brought to the consideration of this court the first decree so far as it affected the second decree;

(3) The petition to intervene did not come within the scope of said § 86A, since relief thereunder can be invoked only by the plaintiff in the action;

(4) The subject matter of the creditor's petition to intervene not being the same as the subject matter of the main action, no ground for intervention was shown, and the petition should have been denied as a matter of law.

CONTRACT. Writ dated May 29, 1930.

Proceedings in the Superior Court are described in the opinion. The orders and decrees appealed from were entered by direction of *Broadhurst*, J. Material facts are stated in the opinion.

Section 86A, added to G. L. c. 223 by St. 1925, c. 170, § 1, reads as follows:

"Upon motion of the plaintiff at any time after a verdict has been rendered or a finding of liability or otherwise made in his favor in any action at law in the Superior Court, or after a finding in his favor fixing the amount of an unliquidated claim has been made in a suit in equity in the Supreme Judicial or Superior Court, and before final judgment or decree therein, such court shall thereupon have jurisdiction in equity by appropriate procedure and process to cause to be reached, held and thereafter applied in payment of any judgment or decree in his favor in such action or suit the same kind of property, right, title or interest, legal or equitable, of a defendant, within or without the Commonwealth, which may be reached and applied under clauses (7) and (8) of section three of chapter two hundred and fourteen, and any property, right, title or interest, legal or equitable, real or personal, including any shares or interests in corporations organized under the laws of the Commonwealth or of the United States, and located or having a general office in the Commonwealth, fraudulently conveyed by the defendant with intent to defeat, delay or defraud his creditors or to defeat or delay the plaintiff in the satisfaction of his claim, or purchased, or directly or indirectly paid for, by him, the record or other title to which is retained in the vendor or is conveyed to a third person with intent to defeat, delay or defraud the creditors of the defendant or to defeat or delay the plaintiff in the satisfaction of his claim; provided, that, in reaching and applying hereunder the interest of a partner in partnership prop-

erty, the business of the partnership shall not be enjoined or otherwise interrupted further than to restrain the withdrawal of any portion of the defendant's share or interest therein until final judgment or decree in such action or suit. If such equitable relief is granted, the defendant may give to the plaintiff a sufficient bond payable to him with sureties approved by the court conditioned to pay him the amount of his judgment or decree within thirty days after it is rendered or made and, upon the filing of such bond with the clerk, the court shall proceed no further in the proceedings to reach and apply and any injunction previously issued in the course of such proceedings shall be dissolved."

*I. N. Samuels*, for Max Check and others.

*J. H. Cinamon*, for Morris Silverman, intervening petitioner.

RUGG, C.J. The first paper printed in this record is entitled "Findings, Rulings and Order on Petition of Israel N. Samuels for Lien for Counsel Fees and Disbursements." It is signed by a judge of the Superior Court. It therein is stated among other findings that the present proceeding was begun in a district court as an action at law on a note, was removed on motion of the defendant to the Superior Court, that thereafter but before judgment a motion was filed in the case for equitable relief under § 86A, added to G. L. c. 223 by St. 1925, c. 170, § 1, and that thus Morris Kaplan, husband of the defendant, was brought in as a party. The amount due from the defendant to the plaintiff was fixed at the amount claimed in his declaration, though the case had not gone to judgment because of the equitable proceeding. By report of a master it had been found that there was in the hands of Morris Kaplan $904.08 belonging to the defendant, Annie D. Kaplan, available for satisfaction of the claim of the plaintiff and the claim of his wife, who is said to have instituted a separate action for the collection of a claim due her from the defendant, Annie D. Kaplan, the amount of which had also been fixed. Thereafter, on September 8, 1931, a decree was entered directing Morris Kaplan to pay to the plaintiff said sum of $904.08 to be used by him in satisfying "the amount hitherto deter-

mined to be due him from the principal defendant," viz., $535, with interest and costs, and to pay the balance to the wife of the plaintiff in part satisfaction of her claim against Annie D. Kaplan "hitherto determined to be $602.55, with interest and costs." Thereafter, one Morris Silverman was allowed to intervene for the purpose of collecting an unsatisfied judgment held by him against the plaintiff out of the sum to be paid to the plaintiff by Morris Kaplan as the amount due from his wife to the plaintiff, and a decree was entered ordering that sum paid to the clerk of the Superior Court for the benefit of the intervenor.

Thereafter, Edith M. Check, wife of the plaintiff, filed a petition to intervene. She also filed a petition to be substituted as plaintiff in place of her husband. Israel N. Samuels filed a petition in the case alleging that he had been attorney for the "plaintiffs," apparently meaning both the present plaintiff and his wife, and had performed services and made disbursements "in these cases," and that he is entitled to a lien "for fees and disbursements." Each of these three petitions was denied and each of those three petitioners has appealed.

The record is in a confused state. This appears to be an action at law in which Max Check alone is plaintiff. Whether the motions of Edith M. Check, or either of them, ought to have been granted to the end that she might become a party, making every assumption in her favor of which the record is susceptible, was at best a matter in the sound discretion of the trial judge. No evidence concerning them is reported. No ruling of law was requested, denied, or made by the trial judge, so far as shown on the record. Manifestly, no question of law is presented on the appeals by Edith M. Check. They must be dismissed.

The motion of Israel N. Samuels was heard on unreported evidence and denied. The facts were found against him. It was especially found that he did not bring himself within the principle of law declared in *Delval* v. *Gagnon*, 213 Mass. 203. That principle is that as between the parties a right in the nature of a lien on an identified and particular fund may be created which will in appropriate

circumstances be enforced in equity. Whether the petitioner established a right under that principle was a pure question of fact upon which the decision of the trial judge must stand as final. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, 189. *Granlund* v. *Saraf*, 263 Mass. 76, 79.

The ruling that that petitioner had no lien under G. L. c. 221, § 50, was right. It is expressly found that the case has not gone to judgment. Of course no execution has issued. Therefore there could be no lien. In any event this petitioner, in the absence of a special agreement as to a lien, would be entitled under said § 50 only to the attorney fee allowed by G. L. c. 261, § 23, as amended by St. 1924, c. 108, § 1. *Blake* v. *Corcoran*, 211 Mass. 406. *Dwyer* v. *Ells*, 208 Mass. 195. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526. *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 261–262. There is no merit in any complaint against this action of the trial judge.

Mr. Samuels has appealed from the denial of his petition for counsel fees and "from all the orders findings and rulings" in the statement of findings, rulings and order of the trial judge preceding his final conclusion that the "petition is denied." All this is irregular. Since this appears to be an action at law, the order of the court was final disposition of his petition or motion. It was decisive against his contention, but it was not founded on any "matter of law apparent on the record." G. L. c. 231, § 96, as amended by St. 1928, c. 306, § 2. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. It depended on facts found by the trial judge. Those findings are no part of the record. *Cressey* v. *Cressey*, 213 Mass. 191. *Powdrell* v. *DuBois*, 274 Mass. 106. St. 1929, c. 265, § 1. Therefore, treating the appeal as arising in an action at law, there is nothing for the consideration of this court.

If this appeal be treated as arising in a suit in equity, no different conclusion in substance can be reached. The appeal presents no question for our decision. The evidence is not reported. Therefore the findings of the judge must stand as true. The petition ought to have been disposed of

by the entry of a decree. It is elementary that according to proper practice in equity the final determination of any substantial issue ought to be manifested by the entry of a· decree, although sometimes orders have been held to be subject to review on appeal from final decree. *Churchill* v. *Churchill,* 239 Mass. 443, 445–446. *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 33. If a decree had been entered, it would have been final as to Mr. Samuels and appeal might have lain from it, although other issues in the case as to other parties might remain. *Barringer* v. *Northridge,* 266 Mass. 315, 318. No matter in equity can come before the full court as of right except on appeal from a final decree. *Knox* v. *Springfield,* 273 Mass. 109. This appeal must be dismissed.

The plaintiff appealed from the decree of September 18, 1931, respecting the petition of Morris Silverman for leave to intervene, and also appealed from the entry of a further decree on October 5, 1931, on that petition. Each is entitled "Interlocutory Decree." The petition of Morris Silverman for leave to intervene was filed on September 15, 1931. Previously to that date the amount due to the plaintiff from the defendant had been fixed and Morris Kaplan had been brought in as a party by a motion for equitable relief under § 86A, added to G. L. c. 223 by St. 1925, c. 170, § 1. On September 8, 1931, decree had been entered as stated by the judge in his findings "ordering the defendant in equitable process, Morris Kaplan, to pay the plaintiff Max Check said sum of $904.08, to be used by said plaintiff in satisfying the amount hitherto determined to be due him from the principal defendant, Annie Kaplan [Annie D. Kaplan], viz., $535, with interest and costs, and to pay the balance to Edith M. Check in part° satisfaction of her claim against Annie Kaplan [Annie D. Kaplan], as hitherto determined to be $602.55, with interest and costs. Thereafter, on September 15, 1931, the petition of Morris Silverman, as holder of an unsatisfied execution for $888.10 against Max Check for leave to intervene as claimant of the amount found due from Annie Kaplan [Annie D. Kaplan] to Max Check, was" filed. The decree of October 5, 1931, was to

the effect that the clerk of the Superior Court "be and he is hereby ordered and directed, upon receipt by said clerk of the money which Morris Kaplan has heretofore been ordered to pay and deposit in court by decree entered September 18, 1931, to pay over said money to the petitioner Morris Silverman."

The effect of these two decrees in combination was to deprive the plaintiff of the fruits of his action at law against the original defendant and of the equitable relief for the collection of his claim established against that defendant sought and obtained by him against Morris Kaplan. He thus would receive nothing from his action at law and equitable proceedings supplementary to it except that the amount awarded him would be applied in part payment of the judgment debt of Silverman against him. That disposition of the case, so far as concerns him, was final. It was adverse to him and he was aggrieved thereby. Although these decrees are termed interlocutory in the record, the one entered on October 5, 1931, in substance and effect is final so far as concerns the plaintiff. The decree will be treated on the footing of its substance and not of its name. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 152. Treating it as a final decree in equity, the plaintiff rightly might appeal. *Hutchins* v. *Nickerson,* 212 Mass. 118, 120. *Barringer* v. *Northridge,* 266 Mass. 315, 318. *Knox* v. *Springfield,* 273 Mass. 109. The interlocutory decree, so far as it affects the substance of the final decree, is also open for consideration by the plaintiff's appeal from it.

The primary question presented on this branch of the case is whether the petition of Silverman to intervene was rightly allowed. That petition sets out in substance that Silverman in April, 1931, recovered judgment in an amount in excess of $800 against the plaintiff and two others in an action at law brought on their joint and several promissory note, and that that judgment remains unsatisfied. It sets forth also the proceedings in the plaintiff's present action already narrated; and alleges that the plaintiff and the other judgment debtors either have no property which can be reached to be attached, or have secreted the same,

and that the only fund possible to reach in satisfaction of Silverman's claim against the plaintiff is that money which the court has decreed to be turned over to the plaintiff by Morris Kaplan; that said Kaplan having been ordered to turn said money over to the plaintiff by decree of September 8, 1931, the money cannot be attached by trustee process, and that if actually paid to the plaintiff, cannot be reached by Silverman. The prayers of the petition are that Silverman be allowed to intervene and that the decree of September 8, 1931, be modified so that so much of the fund which Morris Kaplan has been ordered to turn over to the plaintiff and which the plaintiff was to use for his own purposes be ordered turned over to Silverman, and for other relief. In substance and effect the petition is framed as a petition might be framed under G. L. c. 214, § 3 (7), to reach and apply property of a debtor which cannot be attached in an action at law.

It is too plain for discussion that this petition to intervene does not come within the scope of § 86A, added to G. L. c. 223 by St. 1925, c. 170, § 1. Relief under that statute can be invoked by the plaintiff alone. The only plaintiff in the case at bar is Max Check. He not only does not ask, but opposes, intervention by Silverman. It has not been contended that, aside from St. 1925, c. 170, there is any statute permitting such intervention.

It remains to consider whether, under general principles, Silverman rightly could have been permitted to intervene. The governing general principle was stated in *Rocca* v. *Thompson*, 223 U. S. 317, 330–331, to be that when the term intervention "is used in reference to legal proceedings, it covers the right of one to interpose in, or become a party to, a proceeding already instituted, as a creditor may intervene in a foreclosure suit to enforce a lien upon property or some right in connection therewith; a stockholder may sometimes intervene in a suit brought by a corporation; the Government is sometimes allowed to intervene in suits between private parties to protect a public interest, and whether we look to the English ecclesiastical law, the civil law . . . or the common law, the meaning is the same.

'In ecclesiastical law. — The proceeding of a third person, who, not being originally a party to the suit or proceeding, but claiming an interest in the subject-matter in dispute, in order the better to protect such interest, interposes his claim. . . . In the civil law.— The act by which a third party demands to be received as a party in a suit pending between other persons. The intervention is made either for the purpose of being joined to the plaintiff, and to claim the same thing he does, or some other thing connected with it; or to join the defendant, and with him to oppose the claim of the plaintiff, which it is his interest to defeat. . . . In practice. — A proceeding in a suit or action by which a third person is permitted by the court to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them. . . .'" Intervention is not an independent proceeding, but is ancillary and supplemental to existing litigation and must in the nature of things, unless otherwise provided by legislation, be in subordination to the main proceeding. A person can become an intervenor only upon a showing that he has a substantial interest in the subject matter of the original litigation. In the main, those persons alone whose interests are in direct issue, or would be affected by the final determination on the issues raised in the cause, can rightly be permitted to intervene. An intervenor comes into the proceedings to assert a right superior or antagonistic to some or all of the parties touching the subject matter of the litigation. He cannot be permitted to assert a claim alien to that subject matter. A stranger to a proceeding can have no interest, in a legal sense, in the claim asserted in a personal action, unless he is a necessary party, in order adequately to enforce or to contest such claim. *Dillaway* v. *Burton*, 256 Mass. 568, 576. *Elliott* v. *Superior Court*, 168 Cal. 727, 733. *Faricy* v. *St. Paul Investment & Savings Society*, 110 Minn. 311. *Bush* v. *Quick*, 90 Miss. 32. *Zeitinger* v. *Hargadine-McKittrick Dry Goods Co.* 298 Mo. 461. *Adler* v. *Seaman*, 266 Fed. Rep. 828, 832. *Florida* v. *Georgia*,

17 How. 478, 495. *Wightman* v. *Evanston Yaryan Co.* 217 Ill. 371, 376–377. *Coleman* v. *Martin,* 6 Blatchf. C. C. 119. The case at bar is not one where a fund is in the hands of a court of equity for ultimate distribution among those entitled to it; nor is it a case where one of numerous parties has brought a suit in behalf of himself and all others having a similar interest. Principles governing that class of cases have no pertinency to the issues here raised. *Libby* v. *Norris,* 142 Mass. 246. *Waite* v. *Worcester Brewing Co.* 176 Mass. 283. *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 266–267.

The facts set out in the petition to intervene show no interest on the part of Silverman in the subject matter of the litigation involved in the present action and its supplemental equitable proceeding. They show simply that Silverman is a general creditor of the plaintiff arising out of a separate and independent obligation. He was a judgment creditor, but that fact alone gave him no lien or other superior claim to that which his debtor might recover in the present action. He had brought no creditor's bill. He had acquired no other preferential right over other creditors of the plaintiff. Ample avenues of relief were open to him by creditor's bill under general equity jurisprudence, *Rioux* v. *Cronin,* 222 Mass. 131, 137–139, or by a bill to reach and apply under G. L. c. 214, § 3 (7), *Orange Hardware Co.* v. *Ryan,* 272 Mass. 413. If he were permitted to intervene, there would be no reason why his creditor might not intervene to subject his own debt, when established against the debt due the plaintiff, to payment of that creditor's claim and so on indefinitely; creditors of intervenors in turn might pile litigation upon litigation in one proceeding. There is no ground in law permitting Silverman on the allegations of his petition to interject himself into this action in which he has no legal interest.

The disposition of a petition to intervene commonly but not always rests in sound judicial discretion and is not subject to appeal. *New York* v. *New York Telephone Co.* 261 U. S. 312, 316. *Western Union Telegraph Co.* v. *United States & Mexican Trust Co.* 137 C. C. A. 113, 119–120.

The reasons already stated show that as matter of law Silverman failed to show that he was entitled to intervene.

It follows that there was error in allowing the petition of Silverman to intervene. The decree of October 5, 1931, granting affirmative relief to Silverman on that petition was likewise without justification on this record.

The interlocutory decree of September 18, 1931, allowing the petition to intervene, and the decree of October 5, 1931, affording affirmative relief, must be reversed and a decree is to be entered denying the petition to intervene, with costs. The other appeals are dismissed.

*Ordered accordingly.*