NUNZIATO FUSARO, administrator, *vs.* DELIA G. MURRAY,
executrix.

Worcester.   May 5, 1938. — May 23, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Appeal.

A single appeal from an interlocutory decree confirming a master's report
and from an order for a final decree, but not from the final decree,
brought nothing to this court.

BILL IN EQUITY, filed in the Superior Court on November
20, 1935.

The suit was heard by *Burns,* J.

*F. T. Mullin,* (*H. C. Walsh* with him,) for the defendant.
*F. P. McKeon,* for the plaintiff.

RUGG, C.J.  This is a suit in equity brought by the administrator of the estate of Frederick J. Moran against the executrix of the will of his widow, Katherine V. Moran, to establish title to a drug and confectionery store in Worcester and to various sums of money deposited in savings banks.  The case was referred to a master, whose report was in favor of the plaintiff.  The evidence is not reported. The trial judge made an order that an interlocutory decree be entered confirming the master's report and ordered that, upon the entry of such interlocutory decree, final decree "filed herewith" should be entered.  An interlocutory decree was entered overruling the defendant's objections to the master's report and confirming that report.  A final decree was entered in favor of the plaintiff in general conformity to the findings of the master.  These orders were made and the decrees were entered on December 29, 1937. The defendant filed a single appeal, which in substance and effect constituted an appeal from the interlocutory decree confirming the master's report and overruling the defendant's objections thereto and from "the order for entry of" the final°decree.  The defendant did not appeal from the final decree.

This is the state of the record as it comes before us.  The only appeal by the defendant was (1) from the interlocutory decree and (2) from the order for a final decree, both embodied in a single appeal.  The order for a final decree was not a final disposition of the case.  It was not the equivalent of a final decree.  *Siciliano* v. *Barbuto*, 265 Mass. 390, 393. *Merrill* v. *Beckwith*, 168 Mass. 72, 75.  *Tyndale* v. *Stanwood*, 187 Mass. 531, 532.  *Crossman* v. *Griggs*, 188 Mass. 156. *Churchill* v. *Churchill*, 239 Mass. 443, 445.  It is the general rule that "Suits in equity are not properly before this court as of right upon any appeal except from a final decree." *Hutchins* v. *Nickerson*, 212 Mass. 118, 120.  *Knox* v. *Springfield*, 273 Mass. 109, 110.  *Check* v. *Kaplan*, 280 Mass. 170, 175.  It was said in *Graustein* v. *Dolan*, 282 Mass. 579, 583: "Appeals in equity are limited to appeals from interlocutory and final decrees.  G. L. (Ter. Ed.) c. 214, §§ 19, 26.  An order for a decree has never been the

subject of appeal as such in equity cases except during the period between the taking effect of G. L. c. 231, §§ 96, 144, on January 1, 1921, and the taking effect of St. 1928, c. 306, which restored the general equity practice. *Siciliano* v. *Barbuto,* 265 Mass. 390." "Appeal does not now lie from an order in equity." *Barnes* v. *Barnes,* 291 Mass. 383, 387. *National Radiator Corp.* v. *Parad,* 297 Mass. 314, 318. *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 110. Commonly, an appeal from an interlocutory decree is lost where there is no appeal from the final decree which, for want of such appeal, becomes immune to attack. *Radio Corp. of America* v. *Raytheon Manuf. Co., ante,* 113, 120.

An appeal taken from an interlocutory decree subsequently to the entry of a final decree, which does not bring up the final decree, cannot rightly be considered. That is the situation in the case at bar. An appeal from the final decree would have opened to the defendant every question on the interlocutory decree from which appeal was taken and the final decree. There is nothing contrary to this in *Macurda* v. *Fuller,* 225 Mass. 341, 345. An assumption was there made in favor of the appellant without decision. In *Sciola's Case,* 236 Mass. 407, 415, and *Weinstein* v. *Miller,* 251 Mass. 503, 505, the point was not decided. An appeal from an interlocutory decree would be futile when the whole case has been disposed of by a final decree no longer open to attack because no appeal has been taken from it and the time for appeal has expired.

If justice requires the consideration of a matter contained in an interlocutory decree, it may be reported to the full court by the trial judge. If it can await final decision of the case, it may be considered on appeal from the final decree. Thus the equity practice is simplified. There need be no confusion between appeals from interlocutory and final decrees, and the rights of parties may be fully protected.

The result is that the case is not rightly before us on appeal from the order for final decree, nor on appeal from the interlocutory decree.

*Appeal dismissed.*