C. EDWARD ROWE, receiver, *vs.* EDWARD K. BRAGG & another.

Worcester.    February 10, 1938. — May 25, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Appeal, Decree.

An order in a suit in equity, "Demurrer sustained and bill ordered dismissed," was not a final decree, and an appeal therefrom brought nothing to this court.

BILL IN EQUITY, filed in the Superior Court on July 17, 1937.

The order in the Superior Court was entered by *Burns,* J. The case was submitted on briefs.

*F. P. Ryan,* for the plaintiff.

*E. K. Bragg, pro se.*

DOLAN, J.　This is an appeal from an interlocutory order, entered in a suit in equity in the Superior Court, sustaining the defendant Bragg's demurrer to the bill. The order was made and signed by the judge in the following form: "Nov. 9, 1937. Demurrer sustained and Bill ordered dismissed without costs and without prejudice to plaintiff bringing an action at law." The docket entry of the same date sets out the order in full. On November 12, 1937, the plaintiff appealed "from the order sustaining the Defendant's Demurrer." An examination of the docket entries discloses that no final decree has been entered dismissing the bill as ordered in the interlocutory order and that the only appeal is that of the plaintiff which appears in the record from the "order" of the judge sustaining the demurrer and directing that the bill be dismissed.

It is settled that suits in equity can be brought before this court as of right only by appeal from a final decree, see *Knox* v. *Springfield,* 273 Mass. 109, 110, and cases cited; *Check* v. *Kaplan,* 280 Mass. 170, 175, and that "The only way in which an appeal from an interlocutory decree can be brought to this court before final decree is by report of the judge entering the decree. G. L. c. 214, §§ 26, 30." *Knox* v. *Springfield,* 273 Mass. 109, 110. See also *Check* v. *Kaplan,* 280 Mass. 170, 175; *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 110.

The interlocutory decree "Demurrer sustained and Bill ordered dismissed . . ." and its entry in full form on the docket constitute not a final decree, see *Merrill* v. *Beckwith,* 168 Mass. 72, 75, 76; *Tyndale* v. *Stanwood,* 187 Mass. 531, 532; *Crossman* v. *Griggs,* 188 Mass. 156, but rather an order for final decree from which no appeal lies. See *Graustein* v. *Dolan,* 282 Mass. 579, 583; *Fusaro* v. *Murray, ante,* 229, and cases cited. In the case at bar, as no final decree has been entered, and the judge has not reported

his action in sustaining the demurrer (G. L. [Ter. Ed.] c. 214, §§ 26, 30), the plaintiff's appeal is not properly before us.

*Appeal dismissed.*