GEORGE LEFFLER *vs.* MICHAEL TODD & others.

Suffolk.    January 9, 1941. — January 29, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Equity Pleading and Practice,* Appeal.

In a suit in equity to establish a debt and to reach and apply to its payment funds of the debtor defendant in the possession of another defendant, no appeals can be entered in this court from interlocutory decrees respecting a claim of a third defendant to such funds before a final decree determining the issue between the plaintiff and the debtor defendant.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated April 3, 1940.

Proceedings in the Superior Court were before *Greenhalge,* J.

*W. P. Everts,* for the defendant Todd.

*E. Williamson,* for the plaintiff, submitted a brief.

RONAN, J. The plaintiff in this bill in equity, which was filed on April 5, 1940, seeks to recover payments claimed to be due him under an employment contract with the defendants, The Hot Mikado Company, Inc. (hereafter referred to as Mikado) and Michael Todd. It is alleged that Mikado had entered into a contract with the defendant Shubert Holding Company (hereafter referred to as Shu-

bert) for the production of theatrical performances at Shubert's Theatre from April 1 through April 13, 1940, and that Shubert was to collect the money from the sale of tickets and pay over a percentage of it to Mikado at the conclusion of each day's performance. The remaining defendants, other than Todd, were various ticket agencies with whom Shubert had arranged for the sale of tickets. The bill seeks to reach and apply the sums for which Shubert would become indebted to Mikado under their contract. The bill was inserted in a writ of trustee process served on Shubert on April 4, 1940; and on April 9, 1940, a further attachment by trustee process, which was issued by special precept, was made on Shubert. Funds were thus attached which were sufficient to satisfy the plaintiff's claim.

No service was made upon the defendant Todd, a nonresident. But Mikado on April 17, 1940, assigned to him its claim in the attached funds in the possession of Shubert. Todd, on April 29, 1940, filed a bond to discharge the attachments on these funds. Thereafter, his petition setting forth his claim and seeking to intervene in order to determine his title to these funds was allowed. Upon motion of the plaintiff to have the bill taken *pro confesso* against Todd, the judge ruled that Todd had submitted himself to the jurisdiction of the court for the purpose of protecting the property attached and "to the extent of the property attached is subject to such jurisdiction and is required to answer to the merits of the bill," and ordered that the bill be taken *pro confesso* unless Todd should file an answer within twenty-one days. Todd appealed. A hearing was then held upon Todd's claim to the attached funds, and an interlocutory decree was entered denying his claim to these funds. Todd also appealed from this decree. No final decree has been entered in this suit and no indebtedness of any defendant to the plaintiff has been established. The plaintiff alleges a single claim against Mikado and Todd. The hearing of the suit ought not to be delayed until the questions that Todd seeks to raise can be determined, especially when the final outcome of the suit may be such

as to render those questions immaterial. If it be assumed that the action of the judge was in effect an interlocutory decree, *Churchill* v. *Churchill*, 239 Mass. 443, 445, yet in the absence of a report by the trial judge neither an appeal from that interlocutory decree nor an appeal from the later interlocutory decree denying Todd's claim to the attached funds can be entered in this court before a final decree has been entered in the Superior Court. G. L. (Ter. Ed.) c. 214, §§ 26, 30. *Knox* v. *Springfield*, 273 Mass. 109, 110. *Laverty* v. *Associated Gas & Electric Securities Co. Inc.* 300 Mass. 79, 81. *Fusaro* v. *Murray*, 300 Mass. 229, 231. *Rowe* v. *Bragg*, 300 Mass. 298, 299. *Finlay* v. *Eastern Racing Association, Inc., ante*, 20.

*Appeals dismissed.*