*Southern District*
No. 23399 (1965)

## MURIEL ROUSELL, ASSIGNEE

### v.

## JAMES KAPSALIARSIS, aka
## JAMES KAPSAS

Argued: ————1966 Decided————1966

Case tried to *Driscoll, J.* in the Second District Court of Bristol No. 23399 (1965)

MURPHY, J. This action in three counts is brought by the plaintiff, assignee of a claim of the law firm of Horvitz and Horvitz for a balance due for professional services ren-

dered to the defendant. The answer is a general denial, payment, the Statute of Frauds, and that another person is responsible for the alleged services.

It is a case where a father made payments on account for services rendered by a law firm to his son. The father now seeks to avoid payment of the balance of the bill on the ground that it is and was owed by the son, who is of legal age.

The defendant filed a motion to extend the time for filing copies of the report and defendant's brief. This motion was filed after the expiration of the time limited by Rule 31, District Court Rules, January 1, 1965. This rule limits the time for filing such a motion to 15 days. It was argued at the hearing before us that this motion should be denied, and that the plaintiff's motion to dismiss the report should be allowed because of this failure to comply with the rule. A motion to extend the time for filing a draft report, unless the motion is filed within the 10 days, is void. *Brown v. Grow*, 249 Mass. 495. A motion to extend the time for filing a bill of exceptions in the Superior Court is void, unless such motion is filed within the time period, and the judge has no power to extend it unless it is filed properly. *Jordan Marsh Co.* v. *Barry*, 295 Mass. 210. While there may be some basis to dismiss the report, we feel such action would be too harsh under the circumstances of this case. The de-

fendant's counsel gives illness as a reason for his failure to file the motion to extend the time as required by the rule. An order should be entered denying the motion to dismiss the report. *Westland Housing* v. *Scott,* 312 Mass. 375 and *Boston Morris Plan* v. *Barrett,* 272 Mass. 487 and cases cited.

We now come to the merits of the case.

The evidence was conflicting. At the trial, Mr. Benjamin Horvitz testified that he was engaged by the defendant to represent the defendant's son, Theodore Kapsaliarsis against criminal charges in the District and Superior Courts and that fee arrangements were made with the defendant. Present at that time with the defendant was a Mr. Lavoie, who is the father of a co-defendant.

There was evidence from Mr. Lavoie to the effect that the defendant obligated himself to Mr. Horvitz. The services in question consisted of the preparation and trial and several court appearances as defense counsel for Theodore Kapsaliarsis.

The amount of this fee was not in question.

There was evidence from the defendant that at no time did he engage any member of the law firm of Horvitz and Horvitz to represent his son regarding the criminal charges; that the obligation was that of his son and that he was well able to take care of it and should take care of it, and that he never agreed to be responsible for the services rendered to his son.

There was further evidence that the defendant made several payments on account of a bill in the amount of $300 to Horvitz. Horvitz contended those payments were for prior services rendered to Mr. Theodore Kapsaliarsis.

At the close of the evidence, the defendant rested and moved for a "directed verdict,"* which the court denied. There were several other motions filed by counsel for the defendant, a motion for a continuance because of the lack of availability of a material witness, a motion to join a party defendant, an oral motion for a two-day continuance, and a motion to allow the acquisition of a court stenographer together with an affidavit as to the whereabouts of his son. All of these motions were, in substance, denied by the trial justice. The defendant claimed a timely report to all of the motions which were denied and to the fact that the judge would not "direct a verdict." He also filed twenty-five requests for rulings. The defendant claims to be aggrieved by the court's denial of his requests for rulings of all the matters contained herein, by the court's action and finding for the plaintiff.

 The trial judge decided that this bill was owed to the firm of Horvitz and Horvitz for services rendered to the son of the defend-

---

*Reporter's note: This is an improper use of language. A "verdict" is the decison of a jury which is reported to the court, while the decision of a judge on matters of fact is a "finding."

ant. It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence, and a finding for the plaintiff imports a finding of all the subsidiary facts and the drawing of all rational inferences essential to that conclusion. *M. DeMatteo Construction Company* v. *Commonwealth,* 338 Mass. 568, and *Moss* v. *Old Colony Trust Company,* 246 Mass. 139, *Kennedy Brothers* v. *Bird,* 287 Mass. 477, and see *Jones* v. *Clark,* 272 Mass. 146 and *Adams* v. *Dick,* 226 Mass. 46. The judge found the assignment to be valid and then made a general finding for the plaintiff. The finding appears to be amply justified on the record.

 This bill against the defendant was assigned by the firm of Horvitz and Horvitz to the plaintiff Muriel Rousell, who is a secretary in the firm's law office. The judge made a specific finding that the assignment was valid. This is simply a case of a bill being assigned to a third person in whose name an action is brought. The defendant has not been harmed by the assignment, or by the fact that it was prosecuted in another name. The question is solely, who is responsible.

The assignee of a legal non-negotiable chose in action which has been assigned in writing, may maintain an action thereon in his own name subject to all defenses and rights to which the defendant would have been entitled. G.L. c. 231, § 5. The defendant was allowed to pre-

sent all his defenses against the assignee. *Ginsberg Corp.* v. *C. D. Kepner Leather Co.,* 317 Mass. 581.

▮ With regard to the several motions filed by the defendant — a motion for a continuance for lack of a material witness, a motion for a continuance for time to obtain a stenographer, and a motion to join a party defendant, suffice it to say that the judge had the right in the exercise of his discretion to deny all of these motions and did so. The record discloses no abuse of discretion and no question of law is presented by their denial. *Noble* v. *Mead Morrison Mfg. Co.,* 237 Mass. 5, *Check* v. *Kaplan,* 280 Mass. 170. The defendant also filed a motion for a "directed verdict" which was properly denied. *Dilworth* v. *Boston Garden Corp.,* 339 Mass. 779.

▮ The defendant filed twenty-five requests for rulings, Nos. 15, 16, 20 and 21 were granted, and it appears from the defendant's brief that Nos. 10 through 20, which would include 15 and 16, and Nos. 24 and 25 were waived. Of the other remaining requests, some are based "upon all the evidence" and ordinarily no review as of right lies to their denial. No sufficient reason has been given to take these requests out of the general rule. *Rule 27, District Court Rules, 1965. Duralith Corp.* v. *Leonard,* 274 Mass. 397.

The denial of the defendant's other requests for rulings discloses no prejudicial error, and

we do not deem it necessary to discuss them in detail in view of what has already been said.

The plaintiff's request for double costs is denied. An order should be entered dismissing the report.

HORVITZ & HORVITZ
 of Fall River for the Plaintiff
GEORGE T. BOLGER
 of Fall River for the Defendant