## MARR SCAFFOLDING CO.
## vs.
## Leonard ZIMMERMAN

Boston Municipal Court Department
Appellate Division, Municipal Court
Trial Court of the
Commonwealth of Massachusetts

February 19, 1980

Walter G. Vartanian for the plaintiff.
Richard S. Milesky for the defendant.

Present: Elam, C.J., Glynn & Grabau, JJ.

GLYNN, J. This is an action in contract in which the plaintiff seeks to recover for the rental of equipment by the defendants, Zimmerman and Rellstab, as partners doing business as AAA Chair & Stage Rental Company. Defendant Zimmerman denied that he rented any equipment from the plaintiff, and further denied that he is a partner in the business known as AAA Chair & Rental Company. Defendant Rellstab admitted he was a partner in the company. The court found against both defendants, and defendant Zimmerman appealed.

At the trial, in addition to the testimony of the plaintiff's credit manager, there was testimony from an officer of a bank as to two loans to the AAA Chair & Rental Company, which were secured by notes and signed by both defendants. The business records of the bank showed a financial statement from the company on the bank's form for partnerships. There was also testimony from the defendant Rellstab that he entered into the partnership with Zimmerman. Rellstab also testified that Zimmerman had hired one person and discharged another employee.

Zimmerman denied that he was a partner. The business certificate from the Town of Yarmouth stated that the company was individually owned by the defendant Rellstab. There was further testimony of Zimmerman's exercise of managerial control of the business.

The court, in its findings of fact, found that the defendants did enter into a partnership, and that they were partners at the time of the transactions which are the subject matter of this suit.

The court denied six requests for rulings of law submitted by the defendant Zimmerman. These requests in effect stated that as a matter of law the evidence was insufficient to sustain a finding of liability as to the defendant Zimmerman, either individually or as a partner.

General and specific findings of fact will stand if supported by any possible view of the evidence and reasonable inferences to be drawn therefrom. **DeMatteo Constr. Co. v. Commonwealth**, 338 Mass. 568

(1959); Moss v. Old Colony Tr. Co., 246 Mass. 139 (1923); Rousell v. Kapsaliarsis, 35 Mass. App. Dec. 139 (1966).

It is not the function of this court to pass upon the weight of the evidence. The only issue before this court is whether, upon the evidence contained in the report, the findings can be sustained. The general finding of the trial court is conclusive if there is any evidence to support it. Heil v. McCann, 360 Mass. 507 (1971).

The findings of the trial court are consistent with the evidence reported. This court finds no error of law.

Report dismissed.