LEO B. SHOOB *vs.* NATHAN YAMINS & others.

Bristol.    November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Multiplicity of actions or suits.

A musician entered into a contract with the manager of a theatre whereby the manager agreed to employ for a certain period seven musicians who were to be hired by the first musician. The first musician thereupon entered into separate contracts with each of six other musicians whereby he agreed to engage each musician to play at such theatre for a certain period. The manager wrongfully discontinued the services of the seven musicians, and the first musician thereupon brought a suit in equity against the manager and the six other musicians, offering to secure the other musicians against loss, and seeking to have them enjoined from bringing actions against the plaintiff under their separate agreements with him, to have determined the sums due them from him, and to have the manager ordered to pay him such sums as might be found to be due him under his contract with the manager. A demurrer by the manager was sustained. *Held,* that

(1) G. L. c. 214, § 3, cl. 3, granting jurisdiction in equity of "cases in which three or more parties have distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at law," had no application.

(2) Nor could the suit be maintained to prevent multiplicity of suits or circuity of actions;

(3) The demurrer properly was sustained.

BILL IN EQUITY, filed in the Superior Court on August 9, 1927.

The bill and a demurrer by the defendant Yamins are described in the opinion. By order of *Greenhalge,* J., the demurrer was sustained and a final decree was entered dismissing the bill as to that defendant. The plaintiff appealed.

The case was submitted on briefs.

*A. E. Seagrave*, for the plaintiff.

*C. P. Ryan & N. Yamins*, for the defendant Yamins.

PIERCE, J.   This case comes before this court on the appeal of the plaintiff from a final decree sustaining the demurrer of the defendant Yamins to the plaintiff's bill.

The demurrer assigns as causes (1) " The plaintiff in his bill has not stated such a case as entitles him to relief in equity"; (2) "The plaintiff has a plain, adequate and complete remedy at law"; (3) "Upon the face of the pleadings it is not shown that the defendant is a party to the contract set out therein"; and (4) "that said bill is multifarious in that: (a) It is founded upon distinct rights not so related to each other that the court should deal with them all in the same bill.   (b) The defendant is joined with other defendants with whom he has no privity of contract, and who have no claim against him.   (c) The bill sets out more than one general ground of relief.   (d) The bill sets out distinct causes of action none of which entitles the plaintiff to relief in equity."

The bill alleges, in substance, that the plaintiff and the defendant Yamins, on September 4, 1926, entered into a written agreement under seal, whereby the defendant Yamins agreed to employ seven musicians to furnish music at the Empire Theatre in Fall River, commencing September 6, 1926, and continuing for a period of forty-five weeks, and Yamins also agreed "to give the exclusive power of hiring the musicians" to the plaintiff; that on September 4, 1926, the plaintiff entered into a separate agreement under seal with each of the other defendants, whereby the plaintiff agreed to engage each of the other defendants to play at the said Empire Theatre for forty weeks commencing September 6, 1926; that on September 6, 1926, the plaintiff and the defendants other than Yamins commenced playing under their respective contracts in the said Empire Theatre and continued so to do until the theatre was destroyed by fire on or about January 12, 1927; whereupon by mutual consent they were transferred to and placed in the Academy Theatre

by the defendant Yamins and continued to play there until April 9, 1927, inclusive, when Yamins discontinued their services for five days; that the said musicians were again employed beginning Saturday, April 16, 1927, and continued to play in said Academy Theatre until and including April 30, 1927, when Yamins closed the Academy Theatre and discontinued the employment of the other six defendants named in the bill. The bill further alleges that the defendant Yamins did on April 9, 1927, and April 30, 1927, violate the terms of his contract with the plaintiff and did thereby prevent the plaintiff from fulfilling the terms of his contract with the other defendants; that the defendant Yamins owes the plaintiff for his services and for the services of the other defendants for six and five sixths weeks in accordance with the terms of the contract between the plaintiff and the defendant Yamins; that the six defendants, as the result of said breach of the contracts aforesaid, threaten to bring diverse suits against the plaintiff and to subject him to great expense thereby.

The plaintiff "agrees to furnish a bond or bonds to the said defendants . . . to secure them from any loss if any by virtue of the failure of the said plaintiff to carry out the provisions of the several contracts with them"; and prays (1) that "The said defendants, Wilkinson, McKenny, Hammond, Willett, Storey and Zundell be restrained from prosecuting any suits against the said plaintiff by virtue of the several agreements heretofore mentioned"; (2) that "The said Yamins be ordered to pay to the said plaintiff such sums of money as shall be found due under the agreement marked A, for the breach thereof"; (3) that "The court determine what sums of money if any are due to the said defendants, Wilkinson, McKenny, Hammond, Willett, Storey and Zundell from the plaintiff under the several contracts between them"; and (4) that "Such further relief be granted as this court may deem necessary."

It is the general rule in relation to parties in equity that all persons interested in the object of the suit must be made parties, that is, persons who are parties to the interest in-

volved in the issue, and who must necessarily be affected by the decree. *Michigan State Bank* v. *Gardner*, 3 Gray, 305, 308. The claim of the plaintiff against the defendant Yamins under the agreement under seal is *in personam*. Properly to enforce this claim it is not necessary that the other defendants be made parties, as they have no material interest in the subject matter of the suit between the plaintiff and Yamins, and the result of that suit can have no conceivable legal effect upon any right in them to claim damages for any breach of the contracts between them and the plaintiff.

The plaintiff contends that the bill falls within the provision of G. L. c. 214, § 3, cl. 3, which reads: "The Supreme Judicial and Superior courts shall have original and concurrent jurisdiction in equity of . . . cases in which three or more parties have distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at law." Construing this clause, it was said by Chief Justice Shaw in *Pool* v. *Lloyd*, 5 Met. 525, at page 528: "This clause in the statute manifestly applies to the case of more than two parties having such distinct interests, that a judgment between two of them would leave one or both open to a controversy with a third party; a case requiring proceedings in the nature of a bill of interpleader, where one decree would adjust the whole matter of controversy." It is plain that this section does not apply to the relation of the parties described in the bill. The six defendants could not interplead in an action between the plaintiff and Yamins, and Yamins could not interplead in an action by the six defendants against the plaintiff. The doctrine of prevention of multiplicity of suits or circuity of actions is not applicable to the facts here alleged.

*Decree affirmed with costs.*