HERBERT H. LAVERTY & others *vs.* ASSOCIATED GAS AND ELECTRIC SECURITIES COMPANY, INCORPORATED, & another.

Worcester.   September 27, 1937. — March 29, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice*, Parties, Bill, Appeal.

Upon appeal from an interlocutory decree overruling a demurrer assert- ing that a bill in equity was multifarious and from a final decree, entered after hearing on the merits, granting relief to two of the plaintiffs and dismissing the bill as to the others, this court, having determined the bill to be multifarious, reversed both decrees and ordered the bill dismissed as to the two remaining plaintiffs.

A bill in equity by several plaintiffs, each asserting a claim against the defendant under an independent contract unrelated to the contract of any other plaintiff, was multifarious.

BILL IN EQUITY, filed in the Superior Court on October 21, 1933.

The defendant Associated Gas and Electric Securities Company, Incorporated, appealed from an interlocutory decree entered by order of *Broadhurst*, J., and final decrees entered by order of *Burns*, J.

*H. Guild,* for Associated Gas and Electric Securities Company, Incorporated.

No argument nor brief for the plaintiff.

RUGG, C.J.    This suit in equity was brought by fourteen plaintiffs against two defendants.    It comes before us on appeals by the defendant Associated Gas and Electric Securities Company, Incorporated, hereafter called the defendant, from an interlocutory decree overruling its demurrer, and from final decrees ordering executions against it in favor of two of the plaintiffs.    A decree was entered dismissing the suit as to all the plaintiffs except two.    The several plaintiffs seek by this suit to establish the alleged indebtedness of the defendant to each of them and to reach and apply, in satisfaction of this indebtedness, money claimed to be owed to the defendant by the defendant Worcester Gas Light Company.    The plaintiffs John J. Furey and Fannie Furey claim a debt due them jointly, as do the plaintiffs Richard L. Grogan and Mary U. Grogan, the plaintiffs Anita Nugent and Catherine G. Nugent, and the plaintiffs Othilie Sullivan and John J. Sullivan.    Each of the other plaintiffs claims an indebtedness due him individually.    Each plaintiff, or each pair of plaintiffs who allege a joint liability, relies upon a separate contract made with such plaintiff or joint plaintiffs by the defendant, and on certain allegedly false representations made to such plaintiff or joint plaintiffs by the defendant.    No plaintiff was in any way concerned with any of the transactions between the defendant and any other plaintiff, except those plaintiffs whose alleged claims are joint and they are concerned only with the claims of their respective joint obligees.    The alleged indebtedness to the plaintiffs arose out of breaches of contracts made with each of them by agents of the defendant in its behalf relative to the repurchase or redemption in cash of securities sold by it to the plaintiffs.    The plaintiffs do not seek to rescind their purchases.    They have made no tender of interest received by them on the securities purchased.    One plaintiff alleges an additional misrepresentation, apparently made to him alone.    The plaintiffs join in alleging, also, that the defendant has insufficient property

in the Commonwealth to satisfy their demands, and that the Worcester Gas Light Company owes to the defendant sums of money which the plaintiffs desire to reach and apply in payment of the indebtedness of the defendant to them. The prayers are that the debts of the plaintiffs be established against the defendant and that it be ordered to pay the same; that the Worcester Gas Light Company be ordered to account for all property or money held by it for the defendant, and that the balance, if any, found due the defendant, be ordered paid to the plaintiffs.

The defendant filed a demurrer on the ground, among others, that the bill was multifarious. That demurrer was overruled after hearing. The defendant appealed. The defendant filed a motion for a report on the question of law thus raised, which was denied. The case was then referred to a master, whose comprehensive report was confirmed.

The trial judge ruled that there was a misjoinder of plaintiffs, and that none of the plaintiffs except two showed any right to recover. It was ordered that the bill be dismissed as to the Worcester Gas Light Company because there was no evidence of indebtedness from it to the defendant.

The defendant raised the question of multifariousness at the first opportunity. It has been insistent upon that defence. It had no right to halt the progress of the case until that question was decided. G. L. (Ter. Ed.) c. 214, § 26. *McCracken's Case*, 251 Mass. 347, 350. *Knox* v. *Springfield*, 273 Mass. 109, 110. It could not require a report of the point. The making of a report rested in the sound judicial discretion of the trial judge. G. L. (Ter. Ed.) c. 214, § 30. *Fuller* v. *Chapin*, 165 Mass. 1. In these circumstances, the matter may be considered after final decree. G. L. (Ter. Ed.) c. 214, § 26. *Burnett* v. *Commonwealth*, 169 Mass. 417, 419.

There is no inflexible or general rule by which to determine what constitutes multifariousness in a suit in equity. "It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it is sufficient if each party has an interest in some matters in the suit,

and that they are connected with the others." *Lenz* v.
*Prescott,* 144 Mass. 505, 513. *Cosmopolitan Trust Co.* v.
*Mitchell,* 242 Mass. 95, 123. *Reno* v. *Cotter,* 236 Mass. 556,
563. *Robinson* v. *Guild,* 12 Met. 323, 328. *Coram* v. *Davis,*
209 Mass. 229, 248. *Lovejoy* v. *Bailey,* 214 Mass. 134, 151.

In the case at bar, each cause of action as set forth in the
bill involves a different set of facts. No one of the parties
to the several agreements has any interest 'n the other
agreements. The agreements were made at different times.
A decision as to one agreement would have no influence
upon the decision respecting another agreement. The
plaintiffs have no common interest in the subject of the suit.
The questions of fact and of law as to each cause of action
show no community of interest. The duty of the defendant
to each plaintiff, or to each pair of plaintiffs, is owed sepa-
rately and not jointly. On the face of the bill, there appears
to be a misjoinder of plaintiffs. *Old Colony Trust Co.* v.
*Segal,* 280 Mass. 212, 215. *Shoob* v. *Yamins,* 265 Mass. 329.
Avoidance of multiplicity of suits is not enough to warrant
a joint suit. *Rogers* v. *Boston Club,* 205 Mass. 261, 266,
267. Bills are commonly held to be multifarious where the
different parties assert rights arising from separate trans-
actions not having a common origin, not bound together by
any connecting link, not susceptible of being redressed by
similar relief, and not displaying community of interests.
It is plain that the present bill was multifarious. *Spear* v.
*H. V. Greene Co.* 246 Mass. 259, 266, 269, and cases there
reviewed. *Farquhar* v. *New England Trust Co.* 261 Mass.
209, 216. *Coleman* v. *Barnes,* 5 Allen, 374, 375. *Alabama*
v. *Arizona,* 291 U. S. 286, 290. *Gaines* v. *Chew,* 2 How.
619, 642. *Associated Almond Growers* v. *Wymond,* 42 Fed.
(2d) 1, 4, 5; affirmed in 69 Fed. (2d) 912. Even though
the bill was dismissed as to all except two plaintiffs, it still
remains multifarious. The joining by two plaintiffs of two
separate causes of action not bound together by any com-
mon interest is sufficient to render the bill multifarious. *De
Croisset* v. *Vitagraph Co. of America,* 262 Fed. 100.

The result is that the demurrer ought to be sustained

on the ground of multifariousness. It is not necessary to discuss the other defences argued.

The interlocutory decree overruling the demurrer is reversed. The final decrees ordering executions against the defendant n favor of the two plaintiffs Delia Ward and N. J. Lamotte are reversed, and decree is to be entered dismissing the bill with costs as to these two plaintiffs on the ground of multifariousness.

*Ordered accordingly.*