SNELLING & SNELLING OF MASSACHUSETTS, INC. *vs.* ALLEN WALL & another.

Suffolk. February 6, 1963. — March 29, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Damages,* Covenant against competition.

In a suit by an employment agency against a former employee and a corporation organized by him seeking damages for breach by the employee of a covenant in his contract with the plaintiff not to operate an employment agency for one year after termination of his employment, a finding merely of the amount of the gross income derived by the corporation from fees paid by customers with whom the employee had previously dealt while in the plaintiff's employ did not afford a basis for a determination of the plaintiff's damages.

BILL IN EQUITY filed in the Superior Court on June 22, 1961.

The suit was heard by *Gourdin, J.,* on a master's report.

*Abraham J. Zimmerman (Herbert E. Zimmerman* with him) for the plaintiff.

*Albert R. Mezoff* for the defendants.

KIRK, J. The plaintiff (Snelling) sought to enjoin the defendant (Wall) and the defendant Tec, Inc., a corporation organized by Wall, from operating an employment agency in violation of a restrictive covenant in a contract of employment between Snelling and Wall. Snelling also asked for damages. Temporary injunctive relief was granted. The injunction was dissolved following the expiration of one year from the termination of Wall's employment with Snelling, as provided in the contract.

Snelling no longer seeks injunctive relief. It does, however, claim damages. We limit our consideration of the case to that issue. The master, to whom the case had been referred on all issues, found, as to damages, that the gross income received by Tec, Inc., from the date that it commenced doing business until July 31, 1961, from fees received from several customers of Snelling with whom Wall had previously dealt while in Snelling's employ aggregated $9,742. An interlocutory decree confirmed the report from which Snelling did not appeal. The view we take of the case makes it unnecessary to consider the defendants' appeal from the interlocutory decree. The final decree dismissed the bill. Snelling did appeal.

The decree dismissing the bill was correct. A finding of the gross income of Tec, Inc., from the sources mentioned does not afford a basis for a determination of the damages sustained by Snelling from the competition. There is no showing that any of the fees would have been paid to Snelling if Wall had not been in business, nor what part of any particular fee represented lost profit to Snelling. It is this practical difficulty of establishing monetary damages which is the basis for the equitable relief afforded by the specific enforcement of this type of contract. *Edgecomb* v. *Edmon-*

*ston,* 257 Mass. 12, 18–19. When, however, damages are sought they must be proved and not left, as here, to speculation. "This is simply a concrete application of the wider principle . . . that the complaining party must establish his claim upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis." *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 22. *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.* 344 Mass. 632, 635.

*Final decree affirmed.*