UNITED AUTO SUPPLY CO., INC. *vs.* JOHN E. AMARO.

Essex.   December 2, 1963. — January 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contract,* Covenant against competition. *Equity Jurisdiction,* Covenant
against competition. *Equity Pleading and Practice,* Master: summary
of evidence, exceptions to report; Amendment.

There was no merit in an exception to a master's report in a suit in equity
based on his failure to include in the report evidence of certain facts not
found by him; and he rightly refused a request by the excepting party
for a summary of evidence "to enable the court to determine this ques-
tion."   [627–628]
No abuse of discretion appeared in a suit in equity in denial of motions,
filed by the defendant following a master's report, to amend the answer
containing a counterclaim and to amend the bill by adding parties plain-
tiff.   [628]
In a suit in equity to enforce a covenant by the defendant not to be em-
ployed in a business similar to that of the plaintiff within a certain area
for a period of five years, a decree permanently enjoining him from
being so employed in that area was broader than the covenant as to
time and must be modified by limiting the injunction to the five years.
[628]

BILL IN EQUITY filed in the Superior Court on July 16,
1962.

Following confirmation of a master's report, motions by
the defendant to recommit to the master and to amend were
denied, and a final decree was entered, by *Sullivan,* J.   The
defendant appealed.

The case was submitted on briefs.

*James A. Liacos & Paul J. Liacos* for the defendant.

*Philip Strome & Albert R. Pitcoff* for the plaintiff.

SPALDING, J.   This is a bill in equity in which the plain-
tiff seeks to enjoin the defendant from engaging in employ-
ment in violation of the terms of an agreement.

The case was referred to a master whose findings include
the following: In 1957 the defendant acquired stock in the
plaintiff and became its treasurer and director.   At the

time the defendant acquired his stock in the plaintiff he entered into an agreement with the plaintiff and one Benjamin Hankin under which Hankin agreed to purchase the defendant's shares whenever the defendant desired to sell them. In consideration of the agreement to purchase the shares, the defendant agreed with the plaintiff and Hankin that for a period of five years from the date that the defendant severs his employment with the plaintiff, "he will not, directly or indirectly, engage in or be employed by any person, partnership, corporation or firm within a radius of 25 miles of said Peabody that is engaged in or conducts an automotive parts and supply and service business similar to that conducted by" the plaintiff.

Following the execution of this agreement, the defendant entered into the management of the plaintiff's automobile supply store in Peabody. Early in 1961, while so employed, the defendant started misappropriating checks sent to the plaintiff in payment of accounts receivable. These misappropriations amounted to approximately $7,500. The defendant also misappropriated about $3,000 in cash. The defendant admitted these misappropriations. Subsequently the parties adjusted their differences, and mutual releases were exchanged. The plaintiff released the defendant with respect to all matters except those arising out of the covenant not to engage directly or indirectly in a competing business within a twenty-five mile radius of Peabody for a period of five years.

About July 1, 1962, the defendant went to work for Agawam Auto Supply Co. (Agawam). Agawam, which is owned by the defendant's brother, is engaged in the automobile supply business in Ipswich.

The master found that the covenant not to compete was reasonable both as to time and area. He further found that by reason of misappropriations on the part of the defendant amounting to $10,500, the defendant had "caused his employment to be terminated" on May 8, 1961; and that the defendant is presently employed in an automotive parts and supply business similar to that of the plaintiff at a

place (Ipswich) which is thirteen miles from the plaintiff's place of business.

Following the confirmation of the master's report and the denial of certain motions of the defendant, a decree was entered permanently enjoining the defendant from working for Agawam or any others engaged in the automotive parts, supply and service business similar to that of the plaintiff. The defendant appealed.

1. The defendant filed numerous objections (which became exceptions) to the report. In these he objected because the master failed to include in his report certain evidence with respect to various findings, and requested the master to make "brief, accurate and fair" summaries of portions of the evidence.[1] Upon the master's refusal to make such summaries the defendant made a motion to have the report recommitted to him for that purpose, and the judge denied the motion. We are of opinion that there was no error. Under the second paragraph of Rule 90 of the Superior Court (1954) the master was required, upon request, to append to his report a brief, accurate and fair summary of the evidence for the purpose of enabling the court to determine a question of law. But none of the requests here was of that nature. None of the requested summaries was necessary to present questions of law. Rather, they related to questions of fact. The gist of the defendant's objections and requests is that the master should have made different findings than he did on certain issues. "[A]n exception based upon the failure of a master to find certain facts upon unreported evidence is worthless." *Minot* v. *Minot,* 319 Mass. 253, 259. We are of opinion that the master rightly refused to make the re-

---

[1] The following is typical of all of these objections and requests "1. The defendant objects to the Master's Report because of his failure to include in his report evidence to show that the defendant at no time severed his employment with the plaintiff, United Auto Supply Co., Inc. but to the contrary, the said United Auto Supply Co., Inc. acting through Benjamin Hankin, used fraudulent means and coercion and forced the defendant, John E. Amaro, to leave his employment with the plaintiff. Therefore, the defendant hereby requests a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine this question."

quested summaries and that the judge rightly denied the motion to recommit the report.

2. The defendant presented a motion to amend his answer,[2] and a motion to amend the bill by adding the names of Benjamin Hankin and the Naumkeag Trust Company as parties plaintiff. Both motions were filed after the master's report was filed. The allowance of these motions was discretionary and we are of opinion that the denial of them reveals no abuse of discretion.

3. The defendant argues that the decree enjoining him was too broad in one respect and we are of opinion that there is merit in this contention. The decree enjoins him permanently from competing with the plaintiff within the twenty-five mile radius. This, as the plaintiff concedes, went beyond the terms of the contract, which protected the plaintiff from competition for five years. The defendant left the plaintiff's employ on May 8, 1961, and the injunction should run for five years from that date, which is until May 8, 1966. The final decree, therefore, should be modified to so provide, and, as so modified, it is affirmed with costs of appeal.

*So ordered.*

---

[2] The proposed answer set up various matters by way of counterclaim in substitution for the counterclaim contained in the original answer. The master stated in his report that the defendant offered no evidence in ''support of his prayers'' in his counterclaim.