Rescripts.

RUDOLPH J. ST. MARTIN & another *vs.* EDWARD W. SPINNER. May 1, 1964. Final decree affirmed. The bill of complaint that prayed for equitable relief against Spinner and codefendants was dismissed as against the codefendants leaving a claim for damages against Spinner. The bill having been taken for confessed as to Spinner, the plaintiffs moved for entry of a final decree against him. Spinner then filed a motion to vacate the interlocutory decree pro confesso. The parties are in accord that there were hearings on both motions but Spinner asserts there was no hearing on assessment of damages. On March 22, 1963, a final decree was entered ordering payment by Spinner to the plaintiffs of an amount in accordance with the plaintiffs' motion. No action was taken on the motion to vacate the decree pro confesso. Thus it was in effect disallowed and we cannot hold that this was an abuse of discretion. In view of Spinner's failure to answer, the final decree was not barred by the existence of a remedy at law for damages. *Whitney* v. *Whitney,* 316 Mass. 367, 371. The decree pro confesso established all facts properly pleaded. *Publico* v. *Building Inspector of Quincy,* 336 Mass. 152, 153. The motion for the final decree referred to misrepresentations. Spinner contends that all facts for a claim in deceit are not alleged. We need not rule on the point as facts are alleged showing a claim in contract. The precise amount of damages was not specified and Spinner was entitled to be heard on the issue. But the final decree recites that a hearing was held on the plaintiffs' motion for final decree. The entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings. *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561–562. We may not assume that whatever was stated or presented to the court at the hearing on the motion for final decree was not an adequate basis for the decree. See *Zottu* v. *Electronic Heating Corp.* 334 Mass. 442, 446.

*Bernard A. Dwork* for the defendant.

*Charles F. Nayor* for the plaintiffs.

LUCIEN DUFF & another *vs.* ALBERT ST. ONGE. May 1, 1964. Interlocutory decree confirming master's report affirmed. Final decree affirmed with costs of appeal. The defendant was for many years counsel for the plaintiffs. They brought this bill seeking an accounting "of all the money, affairs and transactions had between the defendant and the plaintiffs." The master found that the defendant over the years fully accounted for all of the plaintiffs' funds handled by him and did not profit improperly from any transaction in which he represented them. The plaintiffs appealed from the allowance of the motion to confirm the master's report, the interlocutory decree confirming it, and the final decree dismissing the bill. There was no error. The plaintiffs did not request a report of the evidence. Their exceptions to the master's report are worthless. *Minot* v. *Minot,* 319 Mass. 253, 259. *United Auto Supply Co. Inc.* v. *Amaro,* 346 Mass. 625, 627.

*Harry Zarrow,* for the plaintiffs, submitted a brief.

*Edward P. Healy* for the defendant.