STANLEY KALMAN *vs.* ROBERT KALMAN. October 30, 1964. Interlocutory and final decrees affirmed. This is a bill in equity for an accounting of partnership affairs. The defendant filed a demurrer which was overruled, and subsequently he filed a counterclaim. The suit was referred to a master. The defendant raised numerous objections to the master's original report and to subsequent reports on recommittal. The defendant appeals from the trial judge's overruling of his demurrer, the implied denial of the defendant's motion to recommit the second report after recommittal, the interlocutory decree overruling the defendant's exceptions and confirming the master's reports, and a final decree favorable to the plaintiff. The grounds for the demurrer upon which the defendant appears to rely in his brief are that the bill is multifarious and that the plaintiff "has failed to do equity and is barred from seeking equitable relief." There was no error in overruling the demurrer. The bill clearly states matters pertaining to an accounting. "There is no inflexible rule by which to determine whether a bill is multifarious. Whether objection shall be sustained on this ground must be decided largely by the circumstances of each case." *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 269. The demurrer in setting forth the ground of failure of the plaintiff "to do equity" asserts facts beyond the facts stated in the bill and constitutes a speaking demurrer. *Davenport* v. *Danvers,* 332 Mass. 580, 582. Our examination of the exceptions discloses that they do not raise questions of law. The defendant's contention that the motion to recommit the second report on recommittal should have been allowed as a matter of law is not

sound. The question of recommittal rested in the discretion of the judge. *New England Overall Co. Inc.* v. *Woltmann,* 343 Mass. 69, 75. *United Auto Supply Co. Inc.* v. *Amaro,* 346 Mass. 625, 627–628. We see no merit in the defendant's argument that the omission from the final decree of "a ruling on the counterclaim . . . is reversible error." See *Faulkner* v. *Lowell Trust Co.* 285 Mass. 375, 377. *Zuckernick* v. *Jordan Marsh Co.* 290 Mass. 151, 153–154. Cf. *Bordonaro* v. *Vandenkerckhaven,* 322 Mass. 278, 281. Compare *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55. We are satisfied that the reports of the master were adequate to support the final decree.

*Lester S. Cramer (Bernard Kaplan* with him) for the defendant.
*Jerome D. Goodman (Louis Hamburger* with him) for the plaintiff.