SHOPPER'S PACKAGE STORE, INC. *vs.* SOLOMON SANDLER & another.

Suffolk.    April 7, 1969. — May 5, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Equity Pleading and Practice*, Bill, Parties.

A demurrer attacking as multifarious an amended bill in a suit in equity by a corporation should not have been sustained where the original bill alleged that the defendants were the former stockholders, officers, and directors of the plaintiff, had misappropriated its funds, had refused to turn over to it its books and records, and had transferred

their stock and resigned their positions, and the amendment to the bill alleged a written settlement signed by counsel for the parties to the suit after its commencement providing that the defendants would pay the plaintiff a specified sum, would turn over to its treasurer certain books and records, and would execute and deliver general releases to it and the defendants' transferee, that the plaintiff would give the defendants a general release from it and also one from such transferee, and that the bill would be dismissed with prejudice [7]; the demurrer should not have been sustained on the additional ground alleged therein of lack of necessary parties to the suit since it did not appear on the face of the amended bill that any necessary party was not joined, or that there was any reason for joining the defendants' transferee as a plaintiff [7].

BILL IN EQUITY filed in the Superior Court on April 5, 1966.

The plaintiff appealed from an interlocutory decree and a final decree entered by *Sgarzi,* J.

*Harry B. Zonis* for the plaintiff.

*Alexander E. Finger* (*Solomon Sandler* with him) for the defendants.

CUTTER, J. Shopper's Package Store, Inc. (Store), brings this bill against Solomon and Dorothy Sandler. The original bill alleged that the Sandlers (former stockholders, officers, and directors of Store) had refused to turn over to Store its books and records, and had misappropriated, while stockholders, Store's funds for their personal use. The Sandlers had owned all the stock in Store and had held the offices of president, treasurer, clerk, and directors until January 18, 1965. Then they transferred their stock and resigned their positions. Store prayed that the Sandlers be directed to turn over the books and records and sought damages.

The Sandlers' answer, inter alia, (1) denied that they had misappropriated any funds of Store, and (2) stated that Store's accountant had examined all the books and records. They also alleged that they had made a written agreement with Double "S" Realty Co., Inc. (Double "S") by which they sold to Double "S" their shares of Store, and that Store and Double "S" by another agreement had undertaken to give to the Sandlers a general release (with certain exceptions), which Store and Double "S" had refused to execute

and deliver. The Sandlers asked specific enforcement of this release agreement.

Thereafter Store was allowed to amend its bill to allege a written settlement dated March 28, 1967, signed by counsel for all parties, which provided (a) that the Sandlers would pay $2,250 to Store, would execute and deliver to Store and Double "S" a general release, and would turn over to Store's treasurer certain books and records; (b) that Store would give the Sandlers a general release from Store and also one from Double "S"; and (c) that the bill would be dismissed with prejudice.

The Sandlers filed a demurrer to the amended bill on the grounds (1) that the bill was multifarious in joining "several distinct and independent matters," and (2) that necessary parties had not been joined.[1] This demurrer was sustained "as to [the] amended bill of complaint only." On Store's motion, however, this decree was vacated, and a new decree was entered also sustaining the demurrer, but with leave to amend. No further amendment by Store appears in the record. By final decree the bill was dismissed. Store appealed.

1. The demurrer to the amended bill does not assert that the bill states no basis for relief in equity. If the bill is not multifarious and if there was no lack of necessary parties, the demurrer should have been overruled. See *Attorney Gen.* v. *Trustees of Boston Elev. Ry.* 319 Mass. 642, 671.

There is no inflexible rule by which it may be determined whether a bill is multifarious. The question must be determined in the light of the particular circumstances (see *Bliss* v. *Parks,* 175 Mass. 539, 543; cf. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 216), as a matter of "the practical wisdom of the court, which must consider whether the bill raises issues too diverse and complex to be dealt with in a single proceeding efficiently and with fairness to the defendants." See *Peterson* v. *Hopson,* 306 Mass. 597, 610.

---

[1] The Sandlers also answered, denying the authority of any person in their behalf to agree to a settlement and alleging that the settlement agreement was not binding because of the failure to comply with conditions precedent.

We think that the several issues raised by the amended bill are so closely related as to require a holding that the bill is not multifarious. The settlement agreement mentioned in the amended bill, of course, does present a new issue concerning the authority of the signer of the agreement for the Sandlers. Issues concerning that agreement, however, deal with the same general situation as do the issues alleged in Store's original bill, and involve the same parties. The settlement agreement, in fact, purports to resolve the original case. We have found bills not to be multifarious where they have presented issues or parties no more closely related. See, e.g., *Ginn* v. *Almy*, 212 Mass. 486, 493–494; *Wilson* v. *Jennings*, 344 Mass. 608, 621. Where all the matters in controversy are among the same parties, relate to the same transaction, and can be conveniently settled in one suit, the bill in equity in which they are joined is not multifarious. See *Holmes* v. *Welch*, 314 Mass. 106, 111–112. Compare *Laverty* v. *Associated Gas & Elec. Sec. Co. Inc.* 300 Mass. 79, 82. Compare the issues concerning amendments considered in *McDade* v. *Moynihan*, 330 Mass. 437, 443–446.

2. The demurrer cannot be sustained because of an alleged lack of necessary parties. The Sandlers did not indicate in their demurrer the identity of the absent necessary party and the reason for joining it.[2] It does not now appear on the face of the amended bill that any necessary party was not joined, or that there is reason for joining Double "S" as a plaintiff. See *Boston Water Power Co.* v. *Boston & Worcester R.R.* 16 Pick. 512, 527–528; *White* v. *Curtis*, 2 Gray, 467, 472–473. See also *Grise* v. *Rieutord*, 305 Mass. 61, 64. Compare *Mann* v. *Bailen*, 293 Mass. 507, 512–513. If the settlement agreement is held to be valid, there will be no need to direct Double "S" to do anything, for it is Store which promised, in the settlement memorandum, to deliver the release executed by Double "S."

---

[2] The Sandlers seem to contend, however, that the joinder of Double "S" is necessitated by the settlement memorandum requiring it to execute a general release.

3. The interlocutory and final decrees are reversed. An interlocutory decree is to be entered overruling the defendants' demurrer to the amended bill.

*So ordered.*