JOSEPH R. ZILEWICZ & another *vs.* RICHARD L. TRUEHART & others. December 8, 1971. This bill in equity alleges several different causes of action against Richard and Florence Truehart (defendants), adjoining property owners of the plaintiffs, and against the building inspector of the town of Easthampton. The demurrer of the Trueharts to the entire bill on the ground (among others) of multifariousness was sustained and a final decree was entered dismissing the bill as to those two defendants. The plaintiffs appealed from the final decree. "There is no inflexible rule by which to determine whether a bill is multifarious. Whether objection shall be sustained on this ground must be decided largely by the circumstances of each case." *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 269, and cases cited. *Kalman* v. *Kalman,* 348 Mass. 772. An examination of the allegations of this bill convinces us that the demurrer was rightly sustained. The bill alleged that the defendants' property was impressed with restrictive covenants in favor of the plaintiffs which were being violated, that the defendants were making use of their property in violation of both the building laws and the zoning by-laws of the town of Easthampton, that the defendants had repeatedly trespassed on the plaintiffs' land and that the building inspector had improperly granted a building permit to the defendants. The joinder in a single bill of allegations of building law violations, zoning by-law violations, restrictive covenant violations and repeated trespasses raises issues "too diverse and complex to be dealt with in a single proceeding efficiently and with fairness to the defendants." *Peterson* v. *Hopson,* 306 Mass. 597, 610. *Shopper's Package Store, Inc.* v. *Sandler,* 356 Mass. 4, 6.

*Decree affirmed with costs of appeal.*

*Lewis A. Whitney, Jr.,* for the plaintiffs.
*Edward J. Barshak* for the defendants.