KING ARTHUR, INC. *vs.* BELGIAN RESTAURANT, INC. October 21, 1974. The defendant appeals from (1) the allowance in the Superior Court (in substance an interlocutory decree; *Edgar H. Wood Associates, Inc.* v. *Skene,* 347 Mass. 351, 353 [1964]) of the plaintiff's motion to amend its first "substitute bill of complaint" and (2) the award in the final decree of $25,000 which, the defendant claims, is excessive. The record on appeal includes a report of material facts, designated portions of the transcript, and exhibits. 1. To the allegations in the first substitute bill that the defendant was using the plaintiff's liquor license without authority, the amended bill added allegations that the plaintiff had subsequently entered into a compromise agreement for the transfer of the liquor license for $10,850, that the license had thereafter been transferred to the defendant in accordance with the agreement, but that the agreed upon purchase price remained unpaid. The allowance of the amendment was within the trial judge's discretion. "[T]he new cause of action [pleaded in the amendment] grew out of the circumstances forming the subject of the . . . [unamended] bill." *McDade* v. *Moynihan,* 330 Mass. 437, 444 (1953). The amendment alleged facts "germane to the cause of suit stated in the . . . [unamended] bill." *George Altman, Inc.* v. *Vogue Internationale, Inc.* 366 Mass. 176, 181 (1974), and cases cited. Cf. *Shopper's Package Store, Inc.* v. *Sandler,* 356 Mass. 4, 7 (1969). 2. The $25,000 award was plainly

880          2 Mass. App. Ct. 795

Rescript Opinions.

wrong. It was designed to compensate the plaintiff for the transfer of the license valued at $10,850 in the compromise agreement and for five months' use of the license prior to the transfer. But there is no evidence on which to base a reasonable determination of the value of such use. The plaintiff points to an earlier agreement, which was superseded by the compromise agreement; but we find no clue to the value of the use of the license in the vague and complicated arrangement in the earlier agreement (apparently drawn without legal counsel) under which the consideration for the transfer of the license was certain stock and "business interests," an employment contract, and some cash. See *Snelling & Snelling of Mass. Inc.* v. *Wall,* 345 Mass. 634, 636 (1963); *Lufkin's Real Estate, Inc.* v. *Aseph,* 349 Mass. 343, 346 (1965). Contrast *Abdallah* v. *Boumil, ante,* 829 (1974). 3. As the issues which were raised by the bill of exceptions and argued have been dealt with fully on the appeals, the bill of exceptions is dismissed. The interlocutory decree is affirmed; the final decree is to be modified by striking the words "twenty-five thousand dollars ($25,000.00)" and substituting therefor the words "ten thousand eight hundred fifty dollars ($10,850.00)," and by making corresponding changes in the amount of the interest thereon and in the total amount due the plaintiff. As so modified the final decree is affirmed.

*So ordered.*

*Thomas C. Cameron* for the defendant.
*James P. Cassidy, Jr.,* for the plaintiff.