Frank J. Linhares Co., Inc. *vs.* Reliance Insurance Company & others.[1]

Plymouth.    January 14, 1976. — November 9, 1976.

Present: Hale, C.J., Keville, & Armstrong, JJ.

*Equity Pleading and Practice,* Bill, Demurrer. *Pleading, Civil,* Demurrer, Complaint. *Equity Jurisdiction,* Other remedy, Consumer protection case. *Consumer Protection Act. Administrative Matter.*

In the absence of a statute specially conferring equity jurisdiction, a party was precluded from seeking in equity what he could obtain in an action at law. [619-620]

Allegations in a bill in equity under the provisions of G. L. c. 93A, § 11, lacked the specificity required under the rules in effect prior to July 1, 1974. [620-621]

The failure of a party to pursue administrative remedies against an insurance company prior to bringing an action under G. L. c. 93A, § 11, did not warrant dismissal of the action where the party sought damages which the Commissioner of Insurance was not empowered to award. [621-622]

Where a plaintiff improperly joined claims in equity against three defendants with a claim against another defendant for negligence which should have been brought in an action at law, the bill was multifarious. [622-623]

Where an action under G. L. c. 93A was dismissed for failure to state a claim, at a time when the nature of the law concerning private actions under c. 93A was still unsettled, this court granted the plaintiff leave to amend its complaint. [623-624]

Bill in equity filed in the Superior Court on December 24, 1973.

[1] Blanchard Equipment Co., Inc., Jannell & Son Body Co. and J & S Delivery Service, Inc.

The suit was heard by *Chmielinski,* J., on demurrer.
*Donald J. Fleming* for the plaintiff.
*Franklin C. Bronson* for the defendants.

KEVILLE, J.   This is a bill in equity brought in the Su-
perior Court by the owner (Linhares) of a truck against
its insurer (Reliance), a contractor (Blanchard), a sub-
contractor (Jannell) and a subsidiary of the subcontractor
(J & S) for loss of the use of the truck and of money as
a result of an accident to the truck while it was in the
possession of J & S.  Linhares has appealed from the entry
of an interlocutory decree sustaining the demurrer of three
of the defendants,[2] from the denial of its motion for leave
to amend its bill of complaint and from a final decree dis-
missing the bill.

The appeal is governed by the rules in existence prior
to July 1, 1974, the effective date of the Massachusetts
Rules of Civil Procedure. The demurrer was sustained,
leave to amend denied, the final decree entered and the
appeal taken prior to that date. See *Harrison* v. *Textron,
Inc.* 367 Mass. 540, 557 (1975); *Coburn* v. *Gould,* 3 Mass.
App. Ct. 793 (1975). Under the applicable rules, the de-
murrer was properly sustained if any of its grounds was
adequate. *Altenhaus* v. *Louison,* 342 Mass. 773 (1961).
*Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 420
(1971).

The bill contains the following allegations. In early 1972
Linhares hired Blanchard to install a hoist on one of its
trucks. Blanchard in turn subcontracted the job to Jan-
nell. On June 1, 1972, Jannell instructed a subsidiary,
J & S, to return the truck to Blanchard. In the course of
delivery the truck was extensively damaged due to the
negligence of the J & S driver. The bill is indefinite with
respect to the occurrences among the parties between
June 1, 1972, the date of the accident, and August, 1973,
when Linhares finally regained possession of the truck

---

[2] Blanchard did not demur to the complaint. Thus we need not con-
sider the adequacy of Linhares' claims against Blanchard.

which had then been repaired. However, the bill alludes to disputes as to who would repair the truck, whether Linhares would release various of the defendants from liability and to what extent insurance would cover the loss sustained. The bill alleges negligence against J & S and unfair and deceptive acts or practices against Reliance, Blanchard and Jannell.

Reliance, Jannell and J & S demurred to the complaint, alleging the following grounds: (1) failure to state a cause of action in equity; (2) existence of an adequate remedy at law; (3) failure to exhaust administrative remedies; and (4) joinder of multifarious claims and defendants. The demurrers were properly sustained as to each of the defendants.

## J & S

It is a fundamental principle that, in the absence of a statute specifically conferring equity jurisdiction, a party may not seek in equity what he could obtain in an action at law. Otherwise the defendants' right to trial by jury might be infringed. *Proctor* v. *MacClaskey*, 278 Mass. 238, 242 (1932). *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651-652 (1943). *Spector* v. *Loreck*, 342 Mass. 685, 688 (1961). Linhares' bill, while lacking in detail, alleged sufficient facts against J & S to state a common law cause of action in tort for negligence. *Grueninger* v. *President & Fellows of Harvard College*, 343 Mass. 338, 341 (1961). Having an adequate remedy at law against J & S, Linhares could not resort to equity. *Proctor, supra. Parkway, Inc., supra. Spector, supra.* The bill states no other cause of action against J & S. Linhares, in fact, has conceded that there is no evidence of unfair or deceptive practices committed by J & S.

## Reliance

Linhares' claims against Reliance are essentially claims for unfair and deceptive trade practices under G. L. c. 93A, the Consumer Protection Act. Linhares is not barred by

the failure of its original complaint to designate the suit as an action under G. L. c. 93A.[3] It is sufficient that a party allege all of the facts necessary to bring the complaint within the statute or statutes relied upon. *Springfield* v. *Commonwealth,* 349 Mass. 267, 270 (1965). The existence of an adequate remedy at law is irrelevant to the claim against Reliance. "It has long been the law that where equity jurisdiction is specifically conferred by statute, it is no objection that the plaintiff also has a plain, adequate, and complete remedy at law." *Slaney* v. *Westwood Auto, Inc.* 366 Mass. 688, 700 (1975). Nevertheless, the pleadings pertaining to Reliance are vulnerable to demurrer because Linhares has failed to state a claim for unfair and deceptive practices under c. 93A.[4]

Among those pleading requirements essential to a suit brought under c. 93A, § 11, inserted by St. 1972, c. 614, § 2, are allegations of unfair or deceptive practices by the defendant and the loss of money or property as a result of those practices. Because Linhares had its truck renovated for business, rather than for personal, family or household purposes, the suit falls within the provisions of c. 93A, § 11, rather than within § 9. Pleading criteria under § 9 are set forth in *Slaney* v. *Westwood Auto, Inc.* 366 Mass. at 700-705, and in *Baldassari* v. *Public Fin. Trust,* 369 Mass. 33, 44-46 (1975). However, a comparison of these two sections of the statute demonstrates that the § 9 pleading requirements calling for allegations of deceptive prac-

---

[3] Linhares' proposed amended bill did include the appropriate statutory nomenclature.

[4] General Laws c. 93A supplies no definition of unfair or deceptive trade practice but instead directs attention to interpretations of the Federal Trade Commission Act by the Federal Trade Commission (FTC) and the Federal courts. The FTC has stated that it would take into account, and the United States Supreme Court has approved, the following factors: "(1) whether the practice ... is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." *FTC* v. *Sperry & Hutchinson Co.* 405 U.S. 233, 244, & n. 5 (1972). *PMP Associates, Inc.* v. *Globe Newspaper Co.* 366 Mass. 593, 596 (1975).

tices and the loss of money or property resulting from those practices apply to suits brought under § 11 as well.

Linhares has alleged that Reliance "refused to properly adjust the case" and failed to disclose to Linhares that it was treating the case as a "third-party claim" against Jannell or J & S, rather than as a claim under Linhares' own policy written by Reliance, "in such a fashion that [Linhares] might lose some rights under its own insurance contract." Linhares did not, however, allege that it sought to file a claim with Reliance under its policy, nor did it outline its rights under that policy, contrary to the rule that a written instrument relied upon in an action should be declared on by setting out a copy or such part as is relied on, or the legal effect thereof, with proper averments to describe the cause of action. *Franklin* v. *North Weymouth Coop. Bank,* 283 Mass. 275, 281 (1933). *Carpenter* v. *Suffolk Franklin Sav. Bank,* 362 Mass. 770, 772 (1973). Nor did Linhares state any other right it might have lost as a result of having its claim treated by Reliance as a third-party claim.

In sum, the allegations lack the specificity required under the rules in effect prior to July 1, 1974. *Leto* v. *Assessors of Wilmington,* 348 Mass. 144, 149 (1964). *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 564 (1965), cert. den. 382 U. S. 983 (1966). *Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 420-422 (1971). *Slaney* v. *Westwood Auto, Inc.* 366 Mass. at 701.

It is to be observed that Linhares' failure to pursue administrative remedies against Reliance before the Commissioner of Insurance may be a ground for a stay of this action but not for its dismissal. The Supreme Judicial Court has delineated three situations under § 11 for the purposes of the exhaustion doctrine: (a) where the entire controversy is within the exclusive jurisdiction of an administrative agency, dismissal of the plaintiff's suit is proper; (b) where there is overlapping administrative and judicial jurisdiction, and the plaintiff seeks only prospective relief, dismissal may be proper, since the plaintiff may reinstate his suit at the termination of the administrative

proceedings; (c) but where damages for past conduct are sought which cannot be awarded by the administrative agency, a stay is often preferable since dismissal may give rise to problems in the application of the statute of limitations. *J. & J. Enterprises, Inc.* v. *Martignetti*, 369 Mass. 535, 540 (1976).

This case falls within situation (c). While G. L. c. 176D, § 7, authorizes the Commissioner of Insurance to issue a cease and desist order upon his finding of an unfair or deceptive practice and affords the Commissioner various punitive powers, the Commissioner is not empowered to award monetary damages to the victim of an unfair practice at the hands of an insurer. Upon the remand of this case which will be ordered, the Superior Court may in its discretion refer the allegations against Reliance to the Commissioner of Insurance for initial determination whether an unfair practice has been committed. See *Gordon* v. *Hardware Mut. Cas. Co.* 361 Mass. 582, 587 (1972) ;[5] *SDK Medical Computer Serv. Corp.* v. *Professional Operating Management Group, Inc.* 371 Mass. 117, 126-127 (1976); *Ricci* v. *Chicago Merc. Exch.* 409 U. S. 289, 302 (1973). In that event, under the rule of *J. & J. Enterprises, Inc.* v. *Martignetti, supra,* the suit against Reliance and the remaining defendants[6] may be stayed by the court pending that administrative ruling.

## *Jannell*

The claim against Jannell under c. 93A is not barred in equity despite the existence of an adequate remedy at law, *Slaney,* 366 Mass. at 700, and Linhares' bill with respect to Jannell met the c. 93A pleading requirements. Linhares has alleged that Jannell refused to deliver the truck to which Linhares had a right of possession unless Linhares

[5] *Gordon* held that a G. L. c. 93A, § 9, action against an insurer could be commenced only after the exhaustion of administrative remedies through application to the Commissioner of Insurance. Subsequently, St. 1973, c. 939, amended § 9 to eliminate the need to exhaust administrative remedies but it did not alter the exhaustion rule for actions brought under § 11.

[6] There is no question of exhaustion of administrative remedies as to Jannell and J & S.

should agree in writing to release Jannell from warranties on the repairs. We think that the allegation falls within the definition of "unfair or deceptive trade practices," adopted by the Federal Trade Commission and applicable to suits under G. L. c. 93A. The bill also alleges injury resulting directly from Jannell's action — Linhares' loss of the use of its truck for more than a year and the consequent financial loss.

However, Jannell's demurrer was, nonetheless, properly sustained because Linhares' bill was multifarious. The test whether a bill presents multifarious claims is elastic. There is no general or inflexible rule by which to determine what constitutes multifariousness in a suit in equity. *Laverty* v. *Associated Gas & Elec. Sec. Co. Inc.* 300 Mass. 79, 81 (1938). *Shopper's Package Store, Inc.* v. *Sandler*, 356 Mass. 4, 6 (1969). *Zilewicz* v. *Truehart*, 360 Mass. 862 (1971). Here, however, Linhares improperly joined claims in equity against Reliance, Blanchard and Jannell with a claim against J & S for negligence which, as heretofore stated, should have been brought in an action at law.

### Linhares' Motion for Leave to Amend

Although it is apparent that the judge did not abuse the broad discretion accorded him in denying Linhares' motion to amend its bill (*Boston Trust Funds, Inc.* v. *Henderson*, 341 Mass. 730 [1960]; *Leventhal* v. *Dockser*, 358 Mass. 799 [1970]; *Thomson* v. *Jet Spray Corp.* 2 Mass. App. Ct. 797 [1974]), another consideration, not then available to the judge, warrants the allowance of such a motion. Subsequent to the entry of the interlocutory decree denying Linhares' motion, the Supreme Judicial Court in *Slaney* v. *Westwood Auto, Inc.* 366 Mass. 688 (1975), in granting leave to amend a bill upon remand to the Superior Court in a somewhat similar situation, has stated that "[b]ecause of the unsettled nature of the law concerning private actions under c. 93A prior to this case . . . we believe the plaintiff should be allowed amendment on remand as to all claims for relief." *Id.* at 705.

We conclude that Linhares should be given such an opportunity to state its claims in this case under c. 93A; and

since any amended complaint will be judged under the Massachusetts Rules of Civil Procedure (Mass.R.Civ.P. 1A(2), 365 Mass. 731 [1974]), certain other infirmities of the original bill will no longer be fatal. Pertinent to the coupling of its claim of negligence against J & S with its claims under § 93A against the other defendants, the new rules permit joinder of legal and equitable claims in one action (Mass.R.Civ.P. 2, 365 Mass. 733 [1974] [7]), as well as claims against more than one defendant "arising out of the same transaction, occurrence, or series of transactions or occurrences." Mass.R.Civ.P. 20(a), 365 Mass. 766 (1974).

The final decree dismissing the bill is reversed. The interlocutory decree sustaining the demurrer is affirmed. The interlocutory decree denying the motion to amend is reversed and Linhares is to have leave to move to file an amended complaint in the Superior Court within forty days of our rescript. If the complaint is not amended, the bill is to be dismissed again.

*So ordered.*

---

[7] "[N]ow that there is but one form of action in this Commonwealth, ... we must scrutinize carefully any action which tends to declare or perpetuate the supremacy of technical law-equity distinctions over the accomplishment of substantial justice." *Slaney, supra,* at 700.