Donohue, J.
The Plaintiff, John L. Bala, seeks to introduce evidence that he was induced to sign an Invention and Confidentiality Agreement. As the inducement, Bala contends that Cunniffe offered to transfer seven percent of the corporate Defendant’s stock to Bala after an initial public offering of the stock. A public offering was never made, and Bala never received seven percent of the stock. The Defendants seek to exclude evidence as to the value of the stock, arguing that Bala’s estimation of his loss is speculative.
It is the long standing rule in this Commonwealth that while a plaintiff need not prove damages to a mathematical certainty, such damages cannot be predicated upon speculation or conjecture. See Burnham v. Dowd, 217 Mass. 351, 360 (1914), and cases cited. See also Novel Iron Works, Inc. v. Wexler Construction. Co., 26 Mass.App.Ct. 401, 412-13, rev. denied 403 Mass. 1104 (1988) (degree of certainty necessary to assess damages); Bond Pharmacy, Inc. v. City of Cambridge, 338 Mass. 488, 491-92 (1959) (damages requires more than speculation). When a plaintiff seeks damages, the jury must have a reasonable basis for measuring the amount owed the plaintiff as a result of his loss. See Stark v. Patalano Ford Sales, Inc., 30 Mass.App.Ct. 194, 202 (1991). In Stark, a case where the plaintiff sought damages for the loss of use of a truck the Appeals Court reiterated the long-standing principle that ”[w]hen . . . damages are sought they must be proved and not left, as here, to speculation. ‘This is simply a concrete application of the wider principle . . . that the complaining party must establish his claim upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis.’ ” Id., citing Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 636 (1963), quoting from John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 22 (1911). When damages are founded upon speculation and conjecture, the plaintiff cannot recover as a matter of law. See Birbiglia v. St. Vincent Hosp., 3 Mass. L. Rptr. 407, 1994 WL 878836, 9 (Mass.Super.Ct. 1994).
If successful, Bala’s measure of damages is the profit he would have received had the Defendants actually made a public offering of AOTec stock and transferred to him seven percent of the stock of that business. Bala does not have a “solid foundation in fact" which would permit a jury to ascertain a sum certain lost by Bala. Based upon the evidence currently before this Court, Bala’s evidence of damages is derived from his testimony, and the proposed back-of-the-envelope (or napkin, as it were) agreement with Defendant Cunniffe. There is no evidence that this estimation of value is more than speculation by either Cunniffe or Bala. Compare G.S. Enterp., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 270-71 (1991) (genuine issue of material fact as to whether termination of contract resulted in speculative damages; summary judgment inappropriate). Contrast Gilmore v. Century Bank and Trust Co., 20 Mass.App.Ct. 49, 55 (1985) (damages not speculative where jury is provided with formula for ascertaining plaintiffs loss), and Laurin v. DeCarolis Const. Co., Inc., 372 Mass. 688, 693 (1977) (ability to assess diminution in value of land from which gravel was actually removed prevented damages from being speculative).
Given the inability to state with any degree of certainty the amount of loss suffered by Bala, the Defendants’ Motion in Limine to Exclude Evidence of Damages Related to the Value of AOTec After an Initial Public Offering is ALLOWED.