Tucker, Richard T., J.
This matter proceeded to trial by juiy on Plaintiffs claim for amounts allegedly due for construction services provided on contract and quantum meruit theories. Defendants’ counterclaim asserted that they suffered money damages as a result of plaintiffs alleged breach of contract, breach of implied warranties, misrepresentation, negligence and breach of the implied covenant of good faith and fair dealing.[1] Defendants’ counterclaim for alleged violation of the Massachusetts Consumer Protection Act, G.L.c. 93A, §§2, 9 (the “Act”) was reserved by the court. The court did not seek an advisory verdict from the juiy as to this count.
The juiy found that the plaintiff and the defendants breached the contract and awarded both sides the amount of $32,867.[2] The juiy found for the defendants on their counterclaims alleging breach of implied warranty, misrepresentation, breach of implied covenant of good faith and fair dealing and negligence, awarding damages solely on the negligence claim in the amount of $84,597.
After post-trial argument and review of memoranda of counsel concerning defendants’ claim for damages under G.L.c. 93A, the court makes findings and rulings as follows from the evidence which I find to be credible.
DISCUSSION
1. Violation of G.L.c. 93A
The findings and verdicts of the juiy, including the finding of breaches of contract by both parties thereto, are amply supported by the evidence. The amount of $84,597 awarded defendants resulting from plaintiff s negligent performance of services was also supported by credible evidence and is in line with the damage amounts sustained by defendants as presented at trial. Whether the plaintiffs actions constituted “unfair or deceptive acts or practices" within the meaning of G.L.c. 93A requires analysis of the specific facts of this case. Broadly, actions have been found to be under “unfair,” under the statute, for numerous and varied reasons. Generally, however, unfairness is found by some act or practice that is “within at least the penumbra of some common-law, statutory or other established concept of unfairness.” Lambert v. Fleet Nat. Bank, 449 Mass. 119, 126-27 (2007). In addition, the courts have employed traditional equity principles to evaluate a defendant’s actions in determining unfairness. Mechanics National Bank v. Killeen, 377 Mass. 100, 110 (1979) (“[b]alancing the equities of the relationship of the parties [is] a major factor in determining unfairness”).
An act or practice may be found to be deceptive upon proof that it reasonably could have caused plaintiff to act differently than he otherwise would have acted. Duclersaint v. Federal National Credit Assn., 427 Mass. 809, 814 (1998), citing Grossman v. Waltham Chem. Co., 14 Mass.App.Ct. 932, 933 (1982).
While a mere breach of contract, without more, does not constitute a violation of G.L.c. 93A, Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100-01 (1979), a contract breach employing deception or unfairness is a sufficient basis for finding a statutoiy violation. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 476 (1991) (breach of covenant of good faith and fair dealing may constitute a 93A violation); Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 856-57 (1986) (intentional breach of contract plus attempts to appropriate to itself the benefit of plaintiffs previous performance found to be sufficient for 93A violation); Linthium v. Archambault, 379 Mass. 381, 387 (1979) (“judge’s finding . . . that there was a material and substantial breach of warranty provides the plaintiff with ample basis for recoveiy under §11”), citing Attorney General’s Rules and Regulations, 940 C.M.R. §3.08(2) (1978); Frank J. Linhares, Co., Inc. v. Reliance Ins. Co., 4 Mass.App.Ct. 617, 622-23 (1976) (“commercial extortion” of withholding contractual performance to force or “wedge” concession may be a 93A violation).
Here there is ample support for a finding that plaintiff violated G.L.c. 93A. As found by the juiy, which findings I adopt, the plaintiff breached implied warranties, breached the implied covenant of good faith and fair dealing, committed misrepresentations of fact and negligently performed the construction services. Additionally the defendant pleaded, and now argues, that plaintiff violated G.L.c. 142A, §2 in failing to provide defendants with a written, residential contracting service agreement which complies with its requirements. I find that plaintiff did violate this statute. Section 17 of chapter 142A provides in part that “[violations of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A.”
I find that plaintiff violated G.L.c. 93A, §9 in his providing of construction services to defendants.
*240 2. Willful or Knowing Violation
Having found that plaintiffs conduct rises to the level of a 93A violation, it remains to be determined whether the violation was willfully or knowingly committed so as to trigger the multiple damages provisions of the Act. While the Act does not define the terms “willful or knowing,” the interpretive case law has held that “willful or knowing” requires defendant’s conduct to be subjectively culpable. Computer Systems Engineering, Inc. v. Quentel Corp., 571 F.Sup. 1365, 1374, 1375 (D.Mass. 1983) (a finding of defendant’s “culpable state of mind” required); Kattar v. Demoulas, 433 Mass. 1, 16(2000) (multiple damages tied to the degree of a defendant’s culpability); V Mark Software v. GMC Corp., 37 Mass.App.Ct. 610, 623 (1994) (“culpable state of mind” required for imposition of multiple damages). A willful state of mind requires acts of defendant committed with an intention to deceive, Heller v. Silverbranch Constru. Corp., 376 Mass. 621, 627 (1978), or with the conscious objective of acting unfairly or deceptively. Arthur D. Little Intern, Inc. v. Doorang Corp., 929 F.Sup. 919, 927 (D.Mass. 1997). A knowing act exists for purposes of 93A where a defendant is aware that his act is unfair or deceptive or will cause such a result. Computer Systems Engineering, Inc. v. Quentel Corp., 571 F.Sup. at 1374.
Here defendants have failed to prove that plaintiffs actions or failures were more than negligence, inattentiveness to detail or poor judgment. The two most serious deficiencies for which plaintiff is responsible were shown to have resulted from insufficient prior knowledge of and planning for the intricacies of the job. The low, as built, basement ceiling, approximately 6’ 8”to 6’ 10,1,[3] resulted in large part from plaintiff not being prepared for the possibility of large bounders or ledge during the excavation of the basement foundation. Similarly lack of attention to detail regarding the problems presented with moving a set of stairs ultimately necessitated the severing of the main beam of the house, resulting in damages from misalignment and sagging of floors, windows and doors thereafter. Although a lack of competence on plaintiffs part was established at trial, no deliberate deception or preconceived notice or awareness on plaintiffs part of the consequences of his actions was shown. Accordingly I do not find that any violation of G.L.c. 93A was willful or knowing.
3. Attorneys Fees
Having found violations of the Act, the defendants are entitled to an award of attorneys fees. G.L.c. 93A, §9(4). In this regard the defendants shall have twenty (20) days from today’s date to submit a written motion for attorneys fees supported by detailed billings and affidavits. If requested by either party, and deemed necessary by the court, a hearing on the issue of the award of attorneys fees will be scheduled thereafter.
ORDER
This court finds that defendants violated G.L.c. 93A, §9 but that said violations were not willful or knowing. The defendants are entitled to move for an award of attorneys fees within the next twenty (20) days and a hearing shall, if necessary, be scheduled thereafter.

 At the close of all evidence, the court directed a verdict for plaintiff on defendants’ count alleging violation of express warranty.

 The jury also found for plaintiff on his claim for quantum memit but awarded no damages.

 The defendant, John St. Laurent, stands 6’ 6" tall. He intended to use the renovated basement in his employment as an office. He was informed by plaintiff that the ceiling would be constructed 7’ 10” from the floor.